SARAH LEHNER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1905.

1. PASSENGER CARRIERS: Negligence: Pleading: Evidence: Variance: Appellate Practice. The appellate court cannot determine which of two statements of plaintiff is to be taken as her evidence, and on the evidence and pleading summarized in the opinion it is held there is not such variance as to preclude a recovery. Bartley v. Railway, 148 Mo. 124, distinguished.

2. ————: ————: Starting Car. Street railways as other carriers must exercise toward passengers the utmost care of a very cautious person and should not start their cars before a passenger has a reasonable time to get off or on.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1)   The only allegation of negligence in the petition is that the agents and servants of the defendant in charge of the car carelessly and negligently started the same with a sudden and violent jerk and lurch, thereby causing plaintiff to be injured.   There is no evidence to sustain this allegation.   Bartley v. Railroad, 148 Mo. 140; Pryor v. Railroad, 85 Mo. App. 379; Saxton v. Railroad, 72 S. W. 720; Portuchek v. Railroad, 74 S. W. 368.   (2)   There is a fatal variance between the pleading and the proof.   McManamee v. Railroad, 135 Mo. 448; Raming v. Railroad, 157 Mo. 506.   (3)   The court erred in giving instruction numbered 1 as prayed by plaintiff.   There was no evidence on which to predicate the same.   Marr v. Bunker, 92 Mo. App. 651; Culbertson v. Railroad, 50 Mo. App. 556; Mateer v. Railroad, 105 Mo. 320; Evans v. Railroad, 106 Mo. 594.   (4)   And is misleading in submitting to the jury the negligence in starting the train of any other employee except the gripman, and of the position of the plaintiff at the time of the alleged jerk or lurch thereof. Bergeman v. Railroad, 104 Mo. 90; Culbertson v. Railroad, 140 Mo. 61; Chitty v. Railroad, 140 Mo. 76; Bradley v. Railroad, 138 Mo. 307; Best v. Merryfield, 77 Mo. App. 181; Railroad v. Dawley, 50 Mo. App. 480.   (5)   And in giving instruction numbered 3 asked by the plaintiff.   Waddingham v. Hulett, 82 Mo. 528; Donahoe v. Railroad, 83 Mo. 565; George v. Railroad, 40 Mo. App. 433; Schlereth v. Railroad, 96 Mo. 509; Dahlstrom v. Railroad, 96 Mo. 99.   (6)   The court erred in refusing to give instruction numbered 9, as asked by the defendant.   A precautionary instruction. Cravens v. Hunter, 87 Mo. App. 466; Comb v. Railroad, 94 Mo. App. 272.   (7)   The damages were and are excessive and indicate partiality and prejudice on the part of the jury.   Franklin v. Fisher, 51 Mo. App. 345.

*Hunt C. Moore* and *Ellison A. Neel* for respondent.

(1) There was abundant evidence to sustain the allegations of plaintiff's petition. Stuebe v. Foundry Co., 85 Mo. App. 650; Gratiot v. Railroad, 116 Mo. 466; Eichorn v. Railroad, 130 Mo. 587; Slark v. Railroad, 127 Mo. 209; Dowell v. Railroad, 115 Mo. 205; Barth v. Transit Co., 142 Mo. 549; Huhn v. Railroad, 92 Mo. 440; Lamb v. Railroad, 147 Mo. 171; Pryor v. Railroad, 85 Mo. App. 380; Grace v. Railroad, 156 Mo. 301; Wharton on Negligence, sec. 420; 2 Thompsons' Trials, sec. 1663. (2) For the purpose of such a demurrer the testimony on the part of the plaintiff should be taken as true, and every reasonable inference therefrom in plaintiff's favor should be made. Dorsey v. Railroad, 83 Mo. App. 528; Stuebe v. Iron & Foundry Co., 85 Mo. App. 640; Pauck v. Dressed Beef Co., 159 Mo. 467; Cohn v. Kansas City, 108 Mo. 387. (3) Having shown that the car was manned by, or was in the charge of the defendant's agents, employees and servants, the presumption is, that the sudden jerk was produced by those having control of its movements. Hite v. Railroad, 130 Mo. 138; Dougherty v. Railroad, 81 Mo. 329; 9 Mo. App. 478; Murphy v. Railroad, 43 Mo. App. 347. (4) The evidence did show that the car was started with an unusual and extraordinary jerk. Dorsey v. Railroad, 83 Mo. App. 542; Dougherty v. Railroad, 9 Mo. App. 478. (5) There was no variance between the pleading and the proof. Furthermore, even if it should be granted, for the sake of the argument, that there was a variance still it is no ground for reversal. R. S. 1899, sec. 655; Hansberger v. Railroad, 82 Mo. App. 574; Ridenhour v. Railroad, 102 Mo. 270; Turner v. Railroad, 51 Mo. 501; Olmstead v. Smith, 87 Mo. 607; Grace v. Railroad, 156 Mo. 302. (6) Plaintiff's instruction numbered 1 was correctly given. There was abundant evidence on which to predicate the same. Duncan v. Rail-

road, 48 Mo. App. 662. (7)  Instruction numbered 3 asked by plaintiff was correctly given.  Furnish v. Railroad, 102 Mo. 438; Freeman v. Railroad, 68 S. W. 1058; Sweeney v. Railroad, 150 Mo. 401; Grace v. Railroad, 156 Mo. 306.  (8)  The damages were not excessive.  Franklin v. Fisher, 51 Mo. App. 345; Perette v. Kansas City, 162 Mo. 238; Hollenbeck v. Railroad, 141 Mo. 97; Zellers v. Water Co., 92 Mo. App. 107; Bertram v. Railroad, 154 Mo. 639; Merrill v. St. Louis, 12 Mo. App. 466; Gurley v. Railroad, 120 Mo. 211. And cases cited in argument.

BROADDUS, P. J.—This is a suit for damages for personal injuries claimed to have been sustained by plaintiff on the ground of alleged negligence of defendant.  The petition states that on or about the 15th day of May, 1902, while taking passage on one of defendant's cable cars on Fifteenth street in Kansas City, Missouri, the plaintiff, "stepped from the ground up and on to the first step of the rear of said car; that while in the act of stepping from the said first step of defendant's said car up and on to the rear platform of said car, and before plaintiff had an opportunity or time to reach a place of safety in said car, the agents, employees and servants of defendant in charge of said car, carelessly and negligently and without warning to plaintiff, started said car with a sudden and violent jerk or lunge, violently throwing plaintiff against the back of the rear seat of defendant's said car, thereby causing plaintiff to sustain severe bruises," etc.

The answer was a general denial and alleging contributory negligence.  The jury returned a verdict for $500 upon which judgment was rendered, and defendant appealed.

The principal contention by defendant is that the plaintiff did not make out a case and that its demurrer to the evidence should have been sustained.  The plaintiff was the only witness on her part who testified as to

the cause of negligence. On cross-examination she was asked: "Had the car started before it gave a sudden jerk?" To which she answered, "yes, sir." She was then asked: "Yes, and after it started it gave a sudden jerk?" To which she answered: "Yes, sir." But in her examination in chief she stated that the car was at a stand as she made the attempt to get aboard of it; that she got up on the first step and as she got up on the platform, or was in the act of stepping upon it, the car gave a jerk which had the effect of throwing her over and against the back seat of the car, whereby she was injured. She stated that the car started with a "big jerk." Again, she stated that the car "commenced to start as I got upon the platform;" also: "He (the conductor) rang the bell as I stepped upon the platform."

The defendant argues that as the evidence showed that the car gave a sudden jerk after it was in motion the evidence did not support the petition which alleged that the car started with a sudden jerk. But is this court authorized to determine which of the two statements of plaintiff is to be taken as her evidence, viz.: the one that the car was already in motion when the jerk occurred, or the one that the car started with a jerk? It seems that in so doing we would be usurping the province of the jury. And the trial court had no authority to determine that question. It was solely a question for the jury. And we are mindful of the fact that witnesses subjected to as severe a cross-examination as the plaintiff underwent from defendant's counsel may and often do make inconsistent statements; but yet, after all, an ordinary observer will have little or no trouble in determining what the witness meant from all that he said. We do not think there was such a variance between the pleading and the proof as would preclude the plaintiff from recovering.

The defendant insists that under the rule in Bartley v. Metropolitan Street Railway Company, 148 Mo.

124, the defendant's demurrer should have been sustained to plaintiff's case. But that case is not like this either upon the facts or upon principle. In that case, the plaintiff fell from the footboard while the car was in motion, the fact being that the car gave a jerk which he claimed was the cause of his fall. But it was not shown that the jerk was anything more than might ordinarily occur because of slack in the cable. Here, however, the car was at a stand, and while plaintiff was stepping from the car step to the platform in getting on, the car was started with a sudden jerk which threw her against the back of a seat causing her injury. Upon this cause of action the plaintiff asks for a recovery of damages, and the evidence tends to sustain her pleading.

The defendant was negligent in starting the car before plaintiff had landed securely upon its platform. It is a well-established rule that a carrier must allow a reasonable time for its passengers to get off and on its cars before they are started. Street railways, as other carriers, are required to exercise towards the passengers the utmost care and diligence of very cautious persons. [Sweeney v. Cable Railway, 150 Mo. 385.] And this duty applies where a passenger is getting off or on a car. [Grace v. Railway, 156 Mo. 295.]

The damages awarded plaintiff were amply sustained by the evidence. There is nothing in other points presented by the appeal that requires discussion.

Cause affirmed. All concur.