ANDREW FORRESTER, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, January 8, 1906.**

1. **PASSENGER CARRIERS: Stopping Car: Allegation: Interpre-
tation of Testimony.** A variance between the allegation and the
evidence as to the stopping of a car is held unsubstantial as
such an allegation is mere matter of inducement, the negligence
as alleged consisting in the starting of the car. While a party
may be concluded by what he clearly and finally testifies as a
fact, in the circumstances under review, plaintiff's meaning was
a question for the jury.

2. **Evidence: Opinion of Expert: Objection: Appellate Practice.**
Objections cannot be raised in the appellate court to the con-
cluding character of a physician's testimony when it was not
urged in the trial court, though numerous other objections were
there urged.

3. **NEGLIGENCE: Right of Recovery: Instruction: Contributory
Negligence.** Instruction relating to contributory negligence
while technically subject to objection of assuming defendant's
negligence, is held harmless, since the other instructions ex-
plicitly relieve it from such an inaccuracy so that it could not
effect the merits of the action.

4. ——: **Burden of Proof: Instructions.** The burden of prov-
ing defendant's negligence and its consequences is on the plain-
tiff, the burden of proving plaintiff's negligence and its contri-
bution to the injury is on the defendant; and instructions com-
plained of are held to comply with these principles and not sub-
ject to be otherwise interpreted by a jury of ordinary intelli-
gence.

5. **PERSONAL INJURY: Damages: Instructions: Defendant's
Duty.** If the defendant wishes instructions to be more specific
and enter into greater detail of the elements of damage it should
ask instructions to that effect.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1) The court erred in admitting incompetent evidence, that of Dr. J. R. Snell, who was permitted to invade the province of the jury and decide for them the ultimate fact in controversy. Taylor v. Railroad, 185 Mo. 255. (2) The court erred in refusing the demurrer interposed at the conclusion of plaintiff's case, and in its failure and refusal to charge, at the conclusion of the whole case, that plaintiff could not recover. There was no evidence on which to submit the case to the jury. Furber v. Bolt & Nut Co., 185 Mo. 311; Bond v. Railroad, 110 Mo. App. 138; Behan v. Transit Co., 186 Mo. 444; Meriwether v. Railroad, 45 Mo. App. 534. (3) The court erred in giving instructions numbered one, two, three and four, on behalf of the plaintiff. All of which are erroneous and misleading and ought not to have been given. Raysdon v. Trumbo, 52 Mo. 39; Ellison v. Weathers, 78 Mo. 126; Barr v. Kansas City, 105 Mo. 559; Compton v. Baker, 34 Mo. App. 140; Bank v. Metcalfe, 29 Mo. App. 395; Marr v. Bunker, 92 Mo. App. 661; Heinzle v. Railroad, 182 Mo. 559; Bank v. Murdock, 62 Mo. 70; Wilmot v. Corrigan, 106 Mo. 548; Livingston v. Railroad, 170 Mo. 472; Chittey v. Railroad, 148 Mo. 73; Newcomb v. Railroad, 169 Mo. 428-9; Payne v. Railroad, 129 Mo. 415-19; Minnier v. Railroad, 167 Mo. 117; Thompson v. Botts, 8 Mo. 712; Day v. Railroad, 81 Mo. App. 486.

*Reed, Yates, Mastin & Howell* for respondent.

(1) Even if the testimony of the plaintiff on cross-examination can fairly be said to modify his statement made during his examination in chief to the effect that when he undertook to board the car it was about at a dead stand (which we deny), nevertheless the plaintiff was entitled to go to the jury under the allegation of the petition, and this is true even if we leave out of con-

sideration the clear and unequivocal testimony of witness Reames to the effect that the car stopped. This is pointedly decided in the following cases: Ridenhour v. Railway, 102 Mo. at 283 and 285; Lehner v. Railroad, 110 Mo. App. at 219; Hansberger v. Railway, 82 Mo. App. 573, 574, and authorities cited. (2) In the above-cited authorities there was no room for a demurrer in the case and the same was properly sent to the jury. (3) The testimony of Dr. J. R. Snell was not of the character criticised in Taylor v. Railway, 185 Mo. 239, as contended by appellant. (4) Plaintiff's instruction numbered 2, read in connection with the other instructions in the case, is a correct statement of the law governing contributory negligence. Young v. Railway, 72 Mo. 269; Crumpley v. Railway, 111 Mo. 158; Schmidt v. Railroad, 149 Mo. 287; McGuire v. Transit Co., 103 Mo. App. 459; Prewitt v. Railway, 134 Mo. 625. (5) Reading together all the instructions given in the case, it can be said that the same was fairly presented, and that they have substantial testimony as a basis for the verdict. The instructions must be considered as a whole. Considered in this light plaintiff's instruction numbered 2 cannot be said to be erroneous. McKeon v. Railway, 43 Mo. 405; Prewitt v. Railway, 134 Mo. 625; Easley v. Railway, 113 Mo. 244. (6) The instruction on measure of damages in this case is proper. If appellant thought upon trial that the same was too general, it was his privilege to point out the proper elements of damage, or to modify the general language of the instruction. Browning v. Railway, 124 Mo. 71; Haymaker v. Adams, 61 Mo. App. 585.

ELLISON, J.—Plaintiff charges that he received personal injuries through the negligence of defendant's servants employed to manage and run one of its street cars in Kansas City. He recovered judgment in the trial court. The plaintiff, who was shown to be seventy-seven years old, attempted to board a car at the in-

tersection of Fifteenth street and Sidney avenue. He signaled for the car to stop and, as it did so, he walked around the rear end towards the north side of the car in order to reach the opening onto the rear platform. In passing around, he took hold of the railing at the corner of the platform and next to the step. He then, while still holding the railing, attempted to get onto the step and, in the act, had raised one foot, when the car started up with such suddenness and rapidity as to jerk him down onto the street, whereby he received the injuries of which he complains.

The petition alleges that the car came to a stop when signaled by plaintiff. Defendant contends that the evidence fails to sustain the allegation, but, on the contrary, that it shows the car did not stop. The testimony given by plaintiff himself leaves it uncertain whether the car had come to what was called at the argument, an absolute dead stop, or whether it still had barely a perceptible motion. We think the difference would be unsubstantial. At any rate, it is held in Ridenhour v. Railway, 102 Mo. 283, 285, that an allegation of the car having stopped was matter of inducement; that the negligence charged was in the starting up. Aside from such consideration, the statements made by plaintiff in his examination in chief and cross-examination were of such nature that the jury should be left to interpret them and conclude what the witness really meant: Lehner v. Railroad, 110 Mo. App. 219. It is, of course, true that a party in testifying will be held to mean, as a statement of fact that which he clearly and finally states to be the fact and thus a party to a cause might conclude himself in such terms as to leave no question as to his statement and make it necessary for the court to so declare. But after considering all of the testimony given by plaintiff we conclude this is not such case.

Another suggestion for reversal is assigned by defendant on the ground that a physician was permitted

to usurp the function of the jury by stating his own conclusion of points in dispute as to the injury, and the case of Taylor v. Railroad, 185 Mo. 255, is cited in support of the point. Plaintiff denies that the questions asked of the physician in this case were of the nature of those in the case cited. But, be that as it may, there was no objection made at the trial of the character now made to such evidence. At the trial, one objection was that the question was leading. Another was that the physician had not observed the injury to plaintiff suggested by the question. Another was that there was no evidence of such injury. Thus, the trial court's attention was in no way called to the objections now made, and hence such objections cannot be allowed.

The only cause stated for reversal, that has given us any difficulty, is that urged to plaintiff's instruction number two, on the subject of the exercise of ordinary care by the plaintiff. It is said that it assumes plaintiff's right to recover unless prevented by his failing to exercise ordinary care. The instruction begins, that, "Before the plaintiff's right to recover in this case can be defeated, the defendant must show by a preponderance of the evidence that plaintiff failed to exercise ordinary care," etc. It should have read before plaintiff's right to recover can be defeated "on the ground of contributory negligence," etc. But we are convinced the inaccuracy of the instruction was harmless. The assumption of plaintiff's right to recover could not possibly have been taken by the jury as a statement of such right by the court in view of the explicit instructions in the case to the contrary. The jury were pointedly directed in instructions numbered 3, 6, 7 and 8 not to find for plaintiff if he was guilty of negligence. It is manifest from the entire instructions that no misunderstanding or confusion could have arisen in the mind of the jury on account of the omission noted. It was not an error, which, in any way, effected the merits of the ac-

tion, and in such case we have the command of the statute not to disturb the judgment.

But defendant urges the further objection that it "incorrectly states the rule of law applicable to the doctrine of contributory negligence," and the case of Payne v. Railroad, 129 Mo. 405, is cited to sustain the objection. We do not regard the instruction in that case as it arose there as at all like the instruction in this case. The instruction here informed the jury that it devolved on the defendant to show that plaintiff failed to exercise ordinary care to avoid the injury and that such failure was the cause of the injury, without which it would not have occurred. The Supreme Court says that "The burden is on the defendant to show that the deceased did not exercise care." Crumpley v. Railroad, 111 Mo. 152, 158. And that "The burden of proving the defendant's negligence and its consequence is on the plaintiff, and the burden of proving the plaintiff's negligence and its contribution to the injury is on the defendant." Schmidt v. Railroad 149 Mo. 269, 287. These citations are in accord with what has always been understood to be the law and we think the instructions for plaintiff do no more than they sanction. We are not unmindful of the argument advanced by defendant, in which the phraseology is questioned and a meaning suggested, which might attach to the instruction as given. But certainly no jury of ordinary understanding could interpret them at variance with what is well known law, which is easily applied to cases of personal injury in whatever way they may arise.

The instruction as to the measure of damages was not improper. If defendant wished it to be more specific and enter into a more detailed statement of the elements of damage, it should have asked it. [Browning v. Railroad, 124 Mo. 71.]

Much of the criticism of instruction numbered 1 for plaintiff finds its answer in what we have said concerning the evidence and pleading as to the stopping

of the car. A careful examination of the entire record has satisfied us that no substantial error occurred at the trial and that the judgment was for the right party and it is accordingly affirmed. All concur.