HASSIE UNDERWOOD, Respondent, v. METROPOL-ITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, June 3, 1907.

1. **PASSENGER CARRIERS:** Negligence: Contributory Negligence: Instruction. An instruction for plaintiff in an action for negligence is not erroneous which authorizes a recovery on the facts hypothecated in it, without reference to plaintiff's contrbutory negligence, where the latter is submitted to the jury in a separate instruction.

2. ———: ———: ———: ———: Burden of Proof. Contributory negligence is an affirmative defense which the party alleging assumes the burden of proving.

Appeal from Jackson Circuit Court.—*Hon. Armwell L. Cooper,* Special Judge.

AFFIRMED.

*John H. Lucas, Charles A. Loomis* and *Ben. F. White* for appellant.

(1) The court erred in giving plaintiff's instruction number 1. It purported to cover the whole case, yet authorized a recovery for plaintiff without requiring

plaintiff to have been in the exercise of ordinary care herself. It was also in conflict with number 7 and 8 for defendant. Lumber Co. v. Tie Co., 87 Mo. App. 177; Flynn v. Bridge Co., 42 Mo. App. 529; Implement Co. v. Ritchie, 43 Mo. 587; Boothe v. Loy, 83 Mo. App. 601; Borden v. Faulk, 97 Mo. App. 566; Goetz v. Railroad, 50 Mo. 474; Fitzgerald v. Hayward, 50 Mo. 516; Clarke v. Hammerle, 27 Mo. 70; Sawyer v. Railroad, 37 Mo. 263; Griffith v. Conway, 45 Mo. App. 574; Cultivator Co. v. Railway, 64 Mo. App. 305; Sullivan v. Railroad, 88 Mo. 169; Randell v. Railroad, 102 Mo. App. 354; Shewalter v. Railroad, 84 Mo. App. 601. (2) Defendant's answer was not a "plea of contributory negligence on the part of the plaintiff," as stated in this instruction, and as treated by the trial court. The answer denied all negligence on the part of defendant, and alleged that if plaintiff was injured at all it was her own fault. 1 Thompson on Negligence, sec. 45; Zumault v. Railway, 178 Mo. 311; Payne v. Railroad, 129 Mo. 418; Beach Contributory Negligence (2 Ed.), sec. 7; Shearman and Redfield on Negligence, sec. 61; Trotter v. Railway, 99 S. W. 508; Warner v. Railway, 178 Mo. 133; Peck v. Transit Co., 178 Mo. 625. (3) Even if the plea had been strictly contributory negligence this instruction is erroneous as it places the burden of the whole case on the defendant; while plaintiff could not recover without an affirmative showing that the defendant was guilty of the particular acts of negligence charged, and the burden of proving this was on the plaintiff. Peck v. Transit Co., 178 Mo. 617.

*Reed, Yates, Mastin & Howell* for respondent.

(1) The instruction is not erroneous as assumed by counsel. (2) If it was erroneous, the error is abundantly cured by the other instructions given for the plaintiff and defendant. (3) An instruction which follows the allegations of the petition charging the neg-

ligent act, need not submit to the jury the negligence of the plaintiff. It is expressly so held in Shanahan v. Transit Co., 109 Mo. App. 231-2. Johnson v. Santa Fe, 117 Mo. App. 310-311; Ephland v. Missouri Pacific, 57 Mo. App. 159-160; Abbott v. Mining Co., 112 Mo. App. 556, 7; Rogers v. Railway, 117 Mo. App. 686, 7; Austin v. Transit Co., 115 Mo. App. 152; Lemser v. Manufacturing Co., 70 Mo. App., 218, 219; Dougherty v. Railway, 97 Mo. 661; Owens v. Railroad, 95 Mo. 169; Sullivan v. Railroad, 88 Mo. 169; Barrie v. Transit Co., 96 S. W. 236, 7. (4) Plaintiff's instruction numbered 3, which places the burden of proof upon defendant to show that at the time plaintiff was injured she was guilty of contributory negligence, is an absolute correct statement of the law. Forrester v. Street Railway Co., 116 Mo. App. 141; Young v. Railway, 72 Mo. App. 269; Crumpley v. Railway, 111 Mo. 158; Schmidt v. Railroad, 149 Mo. 287; Maguire v. Transit Company, 103 Mo. App. 439; Churchman v. Kansas City, 49 Mo. App. 370.

BROADDUS, P. J.—The plaintiff was a passenger on one of defendant's street cars and in attempting to alight she fell and was injured. The evidence tended to show that while she was in the act of alighting the car was suddenly started which had the effect of throwing her upon the street. Defendant's answer consisted of a general denial and a charge of contributory negligence on the part of plaintiff.

Instruction numbered one, given at the instance of plaintiff, is as follows: "If the jury believe and find from the evidence that the plaintiff on or about the eleventh day of August, 1903, became a passenger upon one of the defendant's cable cars running over and along Ninth street and Grand avenue street in Kansas City, Missouri, and that while said car was going in a northerly direction along said Grand avenue street and that after defendant had stopped said car on said Grand

avenue street for passengers to alight therefrom, and while plaintiff was in the act of alighting from said car, the defendant by its agents, servants and employees, carelessly and negligently started said car forward before plaintiff could alight therefrom, and thereby carelessly and negligently caused plaintiff to be thrown from said car and bruised and injured, then your verdict should be for the plaintiff."

The objection to the instruction is, that it directs a verdict for plaintiff without any finding as to whether plantiff was herself in the exercise of ordinary care for her own safety. The criticism is, that it ignored the defense that plaintiff herself was guilty of contributory negligence. Of the numerous cases cited by defendant on the question only one of them is directly applicable.

In Sullivan v. Railroad, 88 Mo. 169, the court said: "In an action for injuries resulting from the alleged negligence of defendant, and in which the issue of plaintiff's contributory negligence is made, an instruction is erroneous which hypothecates the facts as to defendant's negligence, and authorizes a verdict for plaintiff thereon without in the same instruction limiting such right of recovery to the absence of such contributory negligence on the part of plaintiff." And, "Such defect in the instruction is not cured by other instructions given in the case which so limit plaintiff's right of recovery if he was guilty of contributory negligence." The opinion in that case was by a divided court and the decision was afterwards overruled in Owens v. Railroad, 95 Mo. 169, where it was held that, "An instruction for plaintiff in an action for negligence is not erroneous which authorizes a recovery on the facts hypothecated in it, without reference to plaintiff's contributory negligence, where the latter is submitted to the jury in a separate instruction."

In the case at bar in plaintiff's instruction number 2,

as well as defendant's instructions numbers 7, 8 and 11, the plaintiff's contributory negligence was submitted to the jury. The two cases are similar on the question. The same rule of law is recognized in Johnston v. Railroad, 117 Mo. App. 309, and applied in Rodgers v. Transit Co., 117 Mo. App. 678; Austin v. Transit Co., 115 Mo. App. 146; Dougherty v. Railroad, 97 Mo. 647.

Plaintiff's instruction number three is also criticised because upon the plea of contributory negligence it places the burden of proof upon defendant. In Crumpley v. Railway, 111 Mo. 152, it is held: "Contributory negligence is an affirmative defense which the party alleging must prove." And such was the holding in Schmidt v. Railroad, 149 Mo. 269; Forrester v. Railway, 116 Mo. App. 37; Maguire v. Transit Co., 103 Mo. App. 459.

Finding no error in the trial of the cause it is affirmed. All concur.