JOHN B. GHIO, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. PASSENGER CARRIERS: Alighting: Speed: Jury Question. Plaintiff's evidence tended to show that a street car stopped, while defendant's tended to show it was running from two to four miles an hour when the passenger undertook to alight. Whether it "was moving very slowly" was a question for the jury, since the word "slowly" is a relative term.

2. ———: ———: Moving Car: Humane Doctrine. The plaintiff's evidence tended to show the defendant negligent; the defendant's tended to show the plaintiff was guilty of contributory negligence. An instruction permitted a recovery notwithstanding the plaintiff's negligence if the defendant saw the plaintiff's position. Held, under the pleadings and the evidence there was solely a question of negligence, and no room for the application of the humane doctrine and the instruction was wrong.

3. ———: ———: Negligence: Contributory Negligence: Instruction. An instruction is condemned for allowing the plaintiff to recover on defendant's negligence, notwithstanding his contributory negligence.

4. TRIAL PRACTICE: City Ordinance: Court and Jury. It is error to submit to the jury the question whether a certain ordinance was in force, since that is a question for the court alone.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Ben F. White* and *Ben T. Hardin*
for appellant.

(1) The court erred in giving instruction numbered 3, at the request of plaintiff. (a) It authorizes a recovery by plaintiff if he was injured while the car was "either stopped or was moving very slowly," or "while it was either stopped or was running slowly." There was no proof on which to base that portion relating to its "slowly moving." Plaintiff's testimony was that the car was stationary; defendant's that it was running from four to five miles an hour, when he attempted to alight. M'Atee v. Valandingham, 75 Mo. App. 45; Campbell v. Houghton, 44 Mo. App. 231; McCarty v. Fagin, 42 Mo. App. 619; Palmer v. Tel. Co., 91 Mo. App. 106; Marr v. Bunker, 92 Mo. App. 651; Railroad v. Railroad, 118 Mo. 599; Bergman v. Railroad, 104 Mo. 77; Tyler v. Hall, 106 Mo. 313. (b) It was a departure from the pleading. (c) It authorizes a verdict for plaintiff, although he may be guilty of negligence directly contributing to his own injury. Payne v. Railroad, 129 Mo. 419; Hagan v. Railroad, 150 Mo. 55; Dunkman v. Railroad, 16 Mo. App. 548, 95 Mo. 232; Craig v. Sedalia, 63 Mo. 417; Barton v. Railroad, 52 Mo. 253; Murray v. Railroad, 101 Mo. 236; Kelly v. Railroad, 101 Mo. 67; Packet Co. v. Vandergrift, 34 Mo. 399; Dougherty v. Railroad, 97 Mo. 647; 7 Am. and Eng. Ency. of Law 371, et seq.; Murphy v. Railroad, 153 Mo. 261; Moore v. Railroad, 176 Mo. 543; Watson v. Railroad, 133 Mo. 250; Holwerson v. Railroad, 157 Mo. 216; Culbertson v. Railroad, 140 Mo. 35. By a long line of unbroken decisions this is error. Fullerton v. Fordyce, 121 Mo. 13; Barr v. Armstrong, 56 Mo. 589; Caldwell v. Stephens, 57 Mo. 595; Linn v. Bridge Co., 78 Mo. App. 111; McQuillin on Instructions, secs. 103-106; Kupferschmid v. Southern Electric Co., 70 Mo. App. 438; James v. Railway, 107

Mo. 480; Stone v. Hunt, 94 Mo. 475; Waters v. Kansas City, 94 Mo. App. 413; Henderson v. Kansas City, 177 Mo. 477; Comer v. Taylor, 82 Mo. 341; Donnell v. Bank, 80 Mo. 165; Peck v. Ritchey, 66 Mo. 114; Insurance Co. v. Seminary, 52 Mo. 480; Moffatt v. Conkling, 35 Mo. 453. (3) The court erred in modifying instruction numbered 8. As given it ignored plaintiff's own negligence.

*Scarritt, Scarritt & Jones* for respondent.

(1) The third instruction for plaintiff is not subject to the criticisms lodged against it in the brief of appellant. Parks v. Railway, 178 Mo. 117; 3 Thompson on Negligence (2 ed.), sec. 2923; Parks v. Railway, 178 Mo. 117; Morrissey v. Ferry Co., 43 Mo. 380; Railroad v. Tobriner, 147 U. S. 571.. (2) It is not reversible error to submit to the jury a question of law, where the jury find what the court must have declared. Comfort v. Ballingal, 134 Mo. 281; Goodson v. Embleton, 106 Mo. App. 83; Nelson v. Hirsch, 102 Mo. App. 513; Atkinson v. Brown, 68 Mo. App. 618; Baker v. Railway, 147 Mo. 168; Bertram v. Railway, 154 Mo. 639; Tyler v. Hall, 106 Mo. 323; Nicholson v. Golden, 27 Mo. App. 154; Clerk v. Cordry, 69 Mo. App. 15. (3) The court properly modified defendant's instruction numbered 8, so as to make it conform to plaintiff's instruction, numbered 3, and the authorities cited are applicable here.

BROADDUS, P. J.—This is a suit for damages for an injury alleged to have been caused by the negligence of defendant in the operation of its street cars. The petition alleges that on the second day of June, 1904, the plaintiff became a passenger on one of defendant's cars at Bellefontaine avenue in Kansas City, Missouri, having paid his fare and obtained a transfer for passage from the intersection of its lines at Walnut street north to Fifth

street; that when the car in which he was a passenger arrived just east of the crossing at Walnut street it "was stopped or caused to be run so slow as to be almost stopped, for the purpose of allowing passengers thereon and especially the plaintiff, to get off of said car and to allow plaintiff to continue his journey, which the plaintiff proceeded at once to do, but the defendant disregarding its duty to the plaintiff as its passenger by and through its servants and agents upon and in charge of and managing its said car negligently and carelessly caused and permitted said Eighth street car, upon which the plaintiff was a passenger, to be started and moved with sudden and violent jerks while the plaintiff as such passenger was in the act of alighting therefrom, and without any warning thereof to the plaintiff, and when defendant's said servants and agents upon and in charge of and managing said car saw or by the exercise of ordinary care might have seen the situation of plaintiff while in the act of alighting from said car, to have so managed said car as to have avoided any injury to the plaintiff, by reason of which," etc., he was severely injured. The answer was a general denial and a charge of contributory negligence on the part of plaintiff.

The plaintiff's evidence was that when the car upon which he was a passenger arrived at the crossing on Walnut street, it stopped, and that while he was in the act of alighting therefrom it was suddenly started which caused him to be thrown upon the pavement and injured. The defendant's evidence was that the car did not stop at said crossing, but was moving at the rate of from two to four miles an hour. The verdict and judgment were for the plaintiff from which defendant appealed.

Instruction number 3 given for plaintiff in reference to the position of the car when he attempted to alight therefrom, contains the following language, "and the court further instructs you that if you believe from the evidence that when the car on which plaintiff was a

passenger at the time in question . . . either stopped or was moving very slowly, plaintiff was proceeding to alight from said car, and had stepped down from the front platform to the car step, and that defendant's employees in charge of said car saw plaintiff," etc. The criticism of the instruction is, that there was no evidence whatever that the car was moving slowly. It is true that plaintiff's testimony was that the car was stationary at the time, but all of defendant's witnesses testified that it was moving at the time; the slowest rate of speed fixed by any one of them was that it was moving from two to four miles an hour. The word, slowly, has a relative meaning. As applied to a slow-going animal in comparison with a race-horse, the movement of the former would be called slow, but compared with its own movements under different conditions it would be considered rapid. An electric car moving at a speed of two miles an hour would be moving slowly compared with its usual and ordinary speed. It was not for the court to say under the evidence whether or not the car was moving slowly. If the court had refused to submit the question to the jury it would have amounted to an assumption as a matter of law that it was not moving slowly or very slowly. It was a question for the jury. In Dawson v. Transit Co., 102 Mo. App. 277, the evidence showed, the electric car was moving at a rate of speed of three miles an hour when plaintiff attempted to alight. The court held that "It is not error in an instruction to the jury to describe an electric car as 'moving slowly' when it is going at the rate of three miles an hour." The law of that case was applied by this court in Forrester v. Railroad, 116 Mo. App. 37.

The objection is also made to the instruction that it permits plaintiff to recover notwithstanding the jury may have believed that he was "negligent in proceeding to alight from the car in the manner and at the time he

did." This was an application to the case of the humane doctrine, that, notwithstanding plaintiff by his own act of negligence placed himself in a situation of peril, the law imposed the duty upon defendant to have saved him from the consequences of his own negligence, if it could have done so by the exercise of proper care after the discovery of his danger. This instruction was evidently meant to meet defendant's evidence and theory of the case, that plaintiff attempted to alight when the car was moving at a dangerous rate of speed which would have been negligence on his part. It is held that an allegation in a petition that the car had stopped or was moving slowly, is a matter of inducement, that the negligence charged is in starting it up. [Forrester v. Railroad, supra; Dawson v. Railroad, supra.] And the charge in the petition in this case is similar.

According to plaintiff's testimony the car was stationary when he attempted to alight. On plaintiff's testimony the act of defendant in starting the car at the time was negligence, and he was not chargeable with negligence. He made out a case which entitled him to recover if the jury believed his evidence. But defendant's testimony tended to show that at the time and place he attempted to alight the car was moving at a dangerous rate of speed. If the car was moving at a dangerous rate of speed when plaintiff was attempting to alight, the law imposed no duty upon defendant to make an effort to avert his danger unless the operators in charge of the car saw his situation in time to have done so, of which there was no evidence. Although under such circumstances it is difficult to perceive how any effort of such operators could have prevented plaintiff's injury, it may have been possible to have done so. The defendant's operators would not have been charged with the duty to have discovered his peril, for it is not reasonable to suppose that a passenger would attempt to alight from the car moving at a

dangerous rate of speed. If plaintiff attempted to alight from the car while it was moving at a dangerous rate of speed, his act in so doing directly contributed to his injury and he was not entitled to recover. If the car was stationary at the time or moving so slowly as to allow plaintiff to alight in safety at the place where defendant received and discharged passengers and defendant's operators suddenly started it up, the defendant was guilty of negligence and the plaintiff was entitled to recover. It was solely a question of negligence and there was no room for the application of the humanitarian doctrine. The instruction in that respect was erroneous and calculated to confuse and mislead the jury.

The court refused to give as asked defendant's instruction No. 8, which is as follows: "You are further instructed that in this case, the mere fact, if true, that plaintiff was injured by falling from a car of defendant gives him no right to sue defendant and recover damages. Before, under any circumstances, plaintiff is entitled to a verdict, you must believe and find from the greater weight of all the credible evidence in the case that his injury was actually caused by the negligence of the defendant's servants as he has specified in his petition, and in the manner submitted to your consideration. If his injuries were not actually caused by such specified negligence, then he has no cause and cannot recover, even if he did fall while getting off of the car and was injured thereby. But even if you should find that he was injured by such negligence, still the plaintiff cannot recover if he by his own act or conduct in any degree directly contributed to his own injury." The court struck out the closing sentence, viz.: "But even if you should find that he was injured by such negligence, still the plaintiff cannot recover if he by his own act or conduct in any degree contributed to his own injury." Defendant was entitled to the instruction as asked. We

suppose its modification was made on the theory that the defendant was liable notwithstanding plaintiff's negligence if the injury could have been averted by proper care on the part of defendant, which theory we have already shown was not applicable to the facts in evidence. The modification of defendant's instruction 9, and the refusal to give its instructions 6, 10, and 11, was also error for the same reason. Instruction 12 was properly refused.

Instructions numbered 3 and 4, given for plaintiff, are criticised for the reason that they submit to the jury the question whether a certain ordinance in Kansas City was in force at the time of plaintiff's injury. Technically speaking, the criticism is well founded. Whether the ordinance was in force as such was a question alone for the court, it being a question of law.

The objection to instruction 13, given for plaintiff, is purely technical and when read with other instructions to which it refers was in no way misleading.

For the errors noted the cause is reversed and remanded. All concur.