JOSEPH GERHART, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. APPELLATE AND TRIAL PRACTICE: Answer: Contributory Negligence: Instructions. Where the court and the parties at the trial treated the answer as setting up contributory negligence and instructions are submitted on that theory the appellant cannot in the upper court assume a position entirely opposite to that taken at the trial.

2. DEFINITIONS: Hand: Thumb: Evidence: Instructions. The evidence spoke of an injury to the thumb; an instruction was given permitting a recovery for injury to the hand. *Held,* not objectionable since the thumb is a part of the hand, and besides the evidence showed injury to the hand beyond the thumb.

3. INSTRUCTIONS: Abdomen: Rupture: Evidence. Evidence showed an aggravated and enlarged rupture. Instructions permitted recovery for injury to the abdomen. *Held,* it would be unreasonable to say the jury could have been confused or misled thereby.

4. PERSONAL INJURY: One Cause: Two Injuries: Instructions. Where two results happen from one injury and in showing one result the other is necessarily shown or one result shows the other it can make no difference that the result is spoken of by one name.

5. ———: Verdict: Excessive: Appellate Practice. *Held,* the verdict is not so disproportioned to the injury as to warrant its disturbance by the appellate court since the trial court sanctioned it.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson* and *C. S. Palmer* for appellant.

(1) Instruction number 4, for plaintiff, is erroneous because it submits to the jury the questions of an injury to plaintiff's hand, and bruising and wounding his abdomen, when there was absolutely no evidence to support either claim. Lester v. Railway, 60 Mo. 268; Duke v. Railway, 99 Mo. 347; White v. Chancey, 20 Mo. App. 397; Bowles v. Lewis, 58 Mo. App. 647; Cottrell v. Spiess, 23 Mo. App. 35. (2) The verdict was excessive, and a new trial should have been granted. Doherty v. Kansas City, 105 Mo. App. 173; Haynes v. Trenton, 108 Mo. 123; Stoetzele v. Swearingen, 90 Mo. App. 588.

*Fred Griffith* and *Reed, Yates, Mastin & Harvey* for respondent.

(1) Respondent's instruction number 3 assailed in appellant's brief, is a correct statement of the law of the case. The same question has but recently been threshed out in this court by the writer in the case of Underwood v. Railway, 102 S. W. 1045. The authorities cited by us in our brief in that case are still decisive of the question under the Underwood case. Forester v. Railway, 116 Mo. App. 141; Crumpley v. Railway, 111 Mo. 158; Schmidt v. Railway, 149 Mo. 287; MacGuire v. Transit Co., 103 Mo. App. 439; Young v. Railway, 72 Mo. 269; Churchman v. Kansas City, 49 Mo. 370.

ELLISON, J.—Plaintiff's action is for personal injury received while in the act of alighting from one of defendant's street cars upon which he was a passenger. He recovered judgment in the trial court.

The petition charged that defendant negligently started the car while plaintiff was in the act of alighting; that he was jerked or thrown to the ground on his feet; that in being thus thrown he grabbed hold of the handrail of the car and fell against the edge of the platform of the car; that while in this position defendant's servants carelessly ran the car forward, dragging the plaintiff, he holding onto the railing, until after traversing a little distance his hold loosened and he fell to the street. The answer was a general denial and a plea of contributory negligence. The trial court gave an instruction (No. 3) on contributory negligence wherein such negligence was asserted to be an affirmative defense to be proven by the defendant unless it appeared in other evidence in the case and the jury were told that unless the defendant had established such defense the finding would be, not to find for plaintiff, but that there was no contributory negligence in the case.

In order to convict the trial court of error in that instruction defendant assumes a position here entirely opposed to that taken at the trial. It now asserts that the foregoing answer was not a plea of contributory negligence and seeks to have us believe that there is no such theory in the case. Authorities are cited on a question now made by defendant not thought of nor presented in the trial. The answer was treated by the court and by both plaintiff and defendant as pleading contributory negligence. Several instructions submitting issues on that head were asked by defendant and given by the court. It was proper to give the instruction. [Underwood v. Railroad, 125 Mo. App. 490.] We have gone over the argument of defendant in support of

the idea that the instruction is erroneous, and it has failed to impress us as sound as applied to the record.

Defendant contends that error was committed in submitting to the jury by instructions, injury to plaintiff's hand when, as it asserts, there was no evidence of injury to that member. There was abundance of evidence of injury to the thumb, but defendant insists that does not justify an instruction submitting an injury to the hand. At our last sitting we had to decide whether an insurance policy to indemnify one against loss by reason of injury to the leg covered an injury to the heel, and held that it did. [Rogers v. Modern Brotherhood, 131 Mo. App. 353.] And now we are to say what, if any, difference is there between an injury to the hand and to the thumb. An injury to the thumb is an injury to the hand, for the thumb is but a part of the hand. Lexicographers say that the hand is composed, in part, of the fingers. "It consists of the metacarpus or palm and the digits or fingers, and may include the carpus or wrist." So we feel confident that no harm could have resulted to defendant in submitting an injury to the hand even though the language of the evidence was "thumb."

A somewhat similar objection is made concerning the abdomen. There was abundance of evidence to show an injury which greatly aggravated and enlarged a rupture. It was stated in testimony that it was formerly but slight and not noticeable, but the injury had swollen it. This rupture was done at the lower part of the abdomen and its enlarged condition was shown to the jury by the plaintiff standing and sitting before them. So in showing the aggravated rupture the bruised and swollen abdomen was necessarily shown. An enlarged rupture, as this was shown to be, necessarily disfigured, injured and swelled the abdomen. The protusion and soreness were in the abdomen. It would be getting beyond things reasonable to say the jury

could have been confused or misled, or that any injury could have resulted to defendant by the instruction.

We have not overlooked defendant's suggestions that plaintiff has himself separated and make distinct an injury to the hand and an injury to the thumb; and an injury to the abdomen and an injury by the rupture. Those suggestions could find proper and effective place in many cases. But where two results happen from one injury, and in showing one result you are necessarily compelled to show the other—in other words when one result shows the other—it can make no difference that only one result is spoken of by name in the evidence. So if proof of a rupture proves also a tender, a lacerated or a swollen and sore abdomen, it can make no practical difference that rupture is the only thing mentioned.

But aside from the foregoing there was affirmative evidence of "tenderness and soreness around the abdominal opening." As also of the injury to the hand—the plaintiff testified that "I couldn't use this *hand* for a long time. It is stiff yet."

In view of the fact that the trial court has approved of the amount of the verdict, we are not prepared to say the verdict was excessive. It is not so disproportionate to the injury as to justify us in disturbing it. The judgment will be affirmed. All concur.