## C. F. MILLS, Respondent, v. METROPOLITAN SEREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 29, 1911.

1. **CARRIERS OF PASSENGERS: Assault: Instructions: Actual Damages.** This is an action by a passenger against a street railway company for an assault by one of its employees. Plaintiff had received a very painful injury in the face. Defendant attacked his instructions on the grounds that they gave a roving commission to the jury to award speculative damages, and that they were not specific enough. *Held*, that, where the instructions restricted the assessment of actual damages to compensation for bodily pain and injury, they were not erroneous. Such a defect is a mere non-direction, constituting no ground for reversal.

2. ———: ———: ———: **Punitive Damages.** The same principle applies also to the instructions relating to punitive damages.

3. ———: ———: **Damages not Excessive.** Where the evidence shows beyond dispute that an assault upon a passenger was wholly unjustifiable, and where plaintiff's cheek bone was fractured, and he was incapacitated, for two weeks, suffered great pain, and is still disfigured by a scar left by the wound, neither the $1000 allowed as compensatory, nor the $750 allowed as punitive, damages is excessive.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in giving instruction "P-3." Hawes v. Stock Yards Co., 103 Mo. 60; Badgley v. St. Louis, 149 Mo. 122; Jacquin v. Cable Co., 57 Mo.

App. 320; Beasley v. Jefferson Bank, 114 Mo. App. 406; Smith v. Woodmen of the World, 179 Mo. 119. (2) The verdict is excessive, and the case should be reversed.

*Boyle & Howell* for respondent.

(1) The court did not err in giving this instruction. Forge Co. v. Engine Co., 135 App. 86; Ashby v. Road Co., 111 Mo. App. 79; Forrester v. Railroad, 116 Mo. App. 37; Flaherty v. Transit Co., 207 Mo. 318; Thompson v. Independence, 131 Mo. App. 375. (2) The verdict of the jury was not excessive.

JOHNSON, J.—This is an action for assault. Plaintiff was a passenger on a street car operated by defendant and, on being informed by the conductor before reaching his destination, that the car would stop at the barn and that the passengers must leave, asked for a transfer and, not getting it, repeated the request and remained on the car until after it had started to run into the barn. The conductor grew angry at plaintiff for not leaving, swore at him, called him vile names and then struck him a severe blow in the face with an iron switch bar. The evidence of plaintiff shows that although he did a little swearing himself, the conductor was aggressive throughout and that the assault was unprovoked. Plaintiff prayed in his petition for $1000 actual and $5000 punitive damages. The verdict of the jury awarded him $1000 actual and $2000 punitive damages. The trial court thought the assessment of punitive damages excessive and did not overrule the motion for a new trial until plaintiff entered a remittitur of $1250. Defendant appealed and presents but two points for our consideration, viz., that the instruction on the measure of damages was erroneous and that after the remittitur the verdict still was excessive.

The first instruction given at the request of plaintiff dealt with the subject of damages in the following language: "And if the jury further find from the evidence that such acts by defendant's conductor (if any) subjected plaintiff to bodily pain, then the plaintiff is entitled to recover therefor such damages as the jury may believe from the evidence will compensate the plaintiff for such bodily pain so suffered (if any). And if the jury find from the evidence that such acts of the conductor (if any) were done by said conductor willfully and without legal justification or excuse or provocation, then the jury may further assess his damages against defendant in such sum as the jury may believe from the evidence will be suitable punishment to defendant for such wrongful conduct. Such damages should be separately stated in your verdict. You cannot allow the plaintiff punitive damages unless you find from the evidence that he is entitled to actual damages in some amount. Your verdict cannot be for more than one thousand dollars actual damages and five thousand dollars punitive damages."

Plaintiff's third instruction given by the court purports to treat only of the measure of damages and is as follows: "The court instructs the jury that if your finding is for the plaintiff then in assessing his damages you are not limited to the physical injury inflicted (if any) by the said wrongful acts (if any) of said conductor but, in addition thereto, if you find that the wrongful acts (if any) of said conductor were malicious (and by the term malicious is not meant spite or ill will, but the intentional doing of a wrongful act without just cause or excuse), you may allow such further damages, known in law as punitive damages, as will be a punishment to defendant, and a wholesome warning to others."

We do not agree with the contention of defendant that these instructions failed to place proper bounds to the field of the jury's inquiry and gave them a

roving commission to award speculative or fanciful damages. As to the compensatory damages the evidence shows that plaintiff received a violent and very painful injury in the face and the instructions restricted the assessment to compensation for his bodily pain and suffering. This was a proper element of damage and the only reasonable construction to be placed on the word "compensation" is that it was intended to be modified by the adjective "reasonable" or "actual." If counsel for defendant thought the limits of plaintiff's right of recovery were not sufficiently defined, he should have asked the court to give a more definite instruction. The most he could say of plaintiff's instructions is that they are not specific enough. Such a defect is held to be mere non-direction and is not ground for a reversal of the judgment. [Browning v. Railroad, 124 Mo. 55; Smith v. Fordyce, 190 Mo. l. c. 30; Waddell v. Railroad, 213 Mo. l. c. 20; Forrester v. Railroad, 116 Mo. App. 37.] What we have said applies also to the direction relating to punitive damages. As far as they go the instructions correctly define the scope of such damages and, since defendant did not think it worth while to ask the court to give a more specific definition it now has no cause for complaint.

Neither the compensatory nor punitive damages allowed in the judgment is excessive. In the opinion of the physician introduced by plaintiff the cheek bone was fractured. Plaintiff was incapacitated for two weeks, suffered great pain, and still is disfigured by a scar left by the wound. He asked only for damages for his pain and suffering and while the assessment is large we are not prepared to say that the jury exceeded the bounds of reasonable judgment in allowing $1000 for compensatory damages. Certainly $750 is not an unreasonable allowance of exemplary damages. The evidence shows beyond dispute that the assault was wholly unjustifiable. The blow was so

violent that it might have killed plaintiff if it had struck him on the temple. Evidently the conductor intended to inflict great bodily injury. Common carriers owe the duty to their passengers not only of protection but of courteous treatment and should be adequately punished when their servants, without just cause, abuse a passenger with vile language and assault him with a murderous weapon. The basic idea of punitive damages is to give the offender a lesson for his own good and for the welfare of others who may come in contact with him in the future and to make an example of him that will serve as a warning to others. The punishment should stop when these objects of the rule are satisfied and we think the punishment in the present judgment does stop at that point.

The judgment is affirmed. All concur.