MARGARET LARSON, Respondent, v. CENTER CREEK MINING COMPANY, Appellant.

Kansas City Court of Appeals, June 7, 1897.

1. **Negligence:** CONTRIBUTORY NEGLIGENCE: EVIDENCE: VERDICT. The evidence in this case is ample to send the case to the jury and to sustain the verdict found, since from the facts disclosed the inference is reasonable that the digging of the ditch from the bottom of a drift in a mine without securing the earth as the digging progressed, was the cause of the timbers giving way and the earth caving in and causing the death of the deceased.

2. **Master and Servant:** CONTRIBUTORY NEGLIGENCE: SUPERIOR JUDGMENT OF MASTER: GLARING DANGER. The servant has a right to rely upon the superior judgment of the master in directing work to be done a certain way unless the danger be so glaring that a reasonably prudent man would not have undertaken it.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*Cunningham & Dolan* and *A. H. Redding* for appellant.

(1) There was no evidence to warrant the submission of the case to the jury, and the court should have given the peremptory instructions asked by defendant, to find for defendant. The evidence must be of a character to remove the question from the domain of mere conjecture. *Glick v. R. R.,* 57 Mo. App. 97; *Brown v. St. Louis Cop. Co.,* 50 Mo. App. 202; *Hyde v. R'y,* 110 Mo. 272; *Peck v. R'y,* 31 Mo. App. 123; *Hite v. R. R.,* 130 Mo. 132; *Stiles v. Ritchie,* 46 Pac. Rep. 694. (2) The defect, if any, in the timbering and supports of the drift was as apparent to the deceased as to the defendant, and no liability can be predicated thereon. *Berning v. Medart,* 56 Mo. App. 443; *Fugler v. Bothe,* 117 Mo. 475; *Aldridge Adm'r v. Furnace Co.,* 78 Mo. 559; *Watson v. Coal Co.,* 52 Mo. App. 52. (3) If deceased knew, or in the language of plaintiff's counsel, "suspected" that the drift where he worked was unsafe, it was his duty to secure it, as this was part of the duty of a miner—to use reasonable care to keep the place where he worked secure from caving. And if he failed in this, he was guilty of contributory negligence. (4) Ramsey carefully inspected the post put in by Cole and Jones, and thought it was safe.

There is not the slightest particle of evidence that would warrant even an inference that at that time, or any time before the accident, an examination of the timbers would have disclosed any danger. (5) Where the evidence is such that it would be the plain duty of the trial judge to set aside the verdict, as unsupported by the evidence, it is his duty to direct a verdict for the defendant. *Powell v. R'y*, 76 Mo. 80; *Jackson v. Hardin*, 83 Mo. 175; *Landis v. Hamilton,* 77 Mo. 554. (6) "It may be stated as a general proposition that the master is under no higher duty to provide for the safety of the servant than the servant is to provide for his own safety. It follows that if the knowledge or ignorance of the master and that of the servant, in respect to the character of the machine, is such that both are either without fault, or in equal fault, the servant can not recover damages of the master." *Alcorn v. R'y*, 108 Mo. 181; *Bohn v. R. R.*, 106 Mo. 429; *Brown v. L. & L. Co.*, 65 Mo. App. 165; *Flynn v. Bridge Co.*, 42 Mo. App. 529; *Condon v. R. R.*, 75 Mo. 567; *Hulett v. R. R.*, 67 Mo. 239; *Gildersleeve v. R. R.*, 33 Mich. 133.

*McAntire & Craycroft* for respondent.

(1) The evidence showed that the drift in which Larson was killed was, before the ditch was dug, perfectly secure and well timbered; that it was safe; that after it was dug twenty feet, the timbers for that twenty feet gave way; that the digging of the ditch weakened the foundation of the posts. The bottoms of some of the posts were found in the ditch after the ground caved. These were facts, not mere conjecture; hence, the only principle enunciated in the first lot of authorities cited by the appellant is that "whenever, from all the facts and circumstances in evidence a jury may, without doing violence to the dictates of reason and

common sense, infer a fact on account of its known
relation to the fact proved, the court should not inter-
pose its own different conclusion." *Peck v. R'y*, 31
Mo. App. 126. The authorities sustain the first prop-
osition made by appellant, but the facts are such as to
preclude them from consideration in this case. (2)
Where the master furnishes an unnecessarily dangerous
place for the servant to work, even though the servant
knows the dangerous character, yet to be held guilty, as
a matter of law, of contributory negligence in under-
taking the work when ordered, he must have seen that
to do so would probably be attended with injury to
himself, and that he could not avoid it by the exercise
of caution and the danger must be obvious, and so
obvious that no man of ordinary intelligence or pru-
dence would have attempted it, but would have aban-
doned the service rather than pursue it under the cir-
cumstances, and this must have been so patent that
there can be but one conclusion in the minds of ordi-
nary persons. *Halliburton v. R. R.*, 58 Mo. App. 27;
*Monahan v. Clay & Coal Co.*, 58 Mo. App. 68; *Cox v.
Granite Co.*, 39 Mo. App. 425; *Stephens v. R. R.*, 96
Mo. 209; *Aldridge v. Furnace Co.*, 78 Mo. 559; Beach
on Contrib. Neg., p. 479; *Quigley v. Bamrick*, 58 Mo.
App. 192. (3) The servant has a right to rely upon
the superior judgment of the foreman, especially where
a foreman expresses his opinion, and practically assures
him it is safe. *Monahan v. Clay & Coal Co.*, 58 Mo.
App. 38. The rule laid down by appellant in its cita-
tion from *Alcorn v. R'y* is not the law now. The
measure of duty and obligation of the employer and
employee is now held not to be the same, because there
is not to each the same liberty of choice. *Shortell v.
St. Joseph*, 104 Mo. 114; *Hamilton v. Mining Co.*, 108
Mo. 364; *Stenhauser v. Spraul*, 114 Mo. 557; *Hughes v.
Kager*, 46 Mo. App. 37; *Jones v. Packet Co.*, 43 Mo.

App. 398; *Halliburton v. R. R.*, 58 Mo. App. 27; *Benham v. Taylor*, 66 Mo. App. 308. The master is bound to look for defects. The servant is only required to discover what the ordinary use of the appliance would make known to a man of ordinary prudence. *Gulridge v. R'y*, 105 Mo. 526. The mere fact that the ground caved and the roof fell for want of support, makes a *prima facie* case. *Turner v. Harr*, 114 Mo. 346; *R'y v. Burnett*, 37 S. W. Rep., Oct. 1, 1896, p. 813; *Donahew v. City of Kansas*, 38 S. W. Rep., Jan. 19, 1897, p. 571; *Sullivan v. R. R.*, 107 Mo. 66; *Williams v. R'y*, 119 Mo. 316; *Dayharsh v. R. R.*, 103 Mo. 570; *Turner v. Harr*, 114 Mo. 335; *Duweese v. Mining Co.*, 54 Mo. App. 476; *Moore v. Mill Co.*, 55 Mo. App. 491; *State v. Mounce*, 106 Mo. 226; *Boot & Shoe Co. v. Bain*, 46 Mo. App. 581; *Staub v. Eddy*, 47 Mo. App. 189; *Meriwether v. Cable Co.*, 45 Mo. App. 528; *Benjaman v. R'y*, 50 Mo. App. 602; *Naylor v. Cox*, 114 Mo. 232; *Carpenter v. McDavitt*, 66 Mo. App. 1; *McGowan v. Ore & Steel Co.*, 109 Mo. 518; *Browning v. R'y*, 124 Mo. 56; *Daudt v. Keen*, 124 Mo. 106; *Haehl v. R'y*, 119 Mo. 341; *Homuth v. R'y*, 129 Mo. 629; *Sherwood v. R'y*, 132 Mo. 339; *Haniford v. City of Kansas*, 103 Mo. 172; *McCarroll v. Kansas City*, 64 Mo. App. 283.

ELLISON, J.—Plaintiff's husband was a miner engaged in the service of defendant in Jasper county. He was killed by the falling in of earth alleged not to have been properly secured. The accident came about by the following means as the evidence tended to show:

A drift was cut from a shaft on the defendant's land by it, in a westerly direction, for the purpose of STATEMENT. intersecting another drift west of the shaft running north and south. When the north and south drift was intersected by the drift running

from the east, it was found that the bottom of the east drift was from eighteen to twenty-four inches higher than the bottom of the drift running north and south. The east drift at that time was securely and properly timbered. Ramsey, who was the defendant's ground foreman, directed the deceased Larson, the husband of the plaintiff, and other miners, to cut a ditch in the east drift, four feet wide, so as to get on a level with the north and south drift, and directed them to do so without retimbering the ground, saying that he was in a hurry to get it through and that it could be retimbered after they had cut the ditch through to the shaft. The miners started to cut the ditch as directed by defendant's foreman, starting from the point where the two drifts. intersected each other and cut the ditch toward the shaft. The deceased and other miners had cut the ditch from that point eastwardly about fifteen or twenty feet, at which time the ground caved, killing plaintiff's husband and three other men who were working in the ditch. The ground only caved from the point where the ditch was started to the point to which it had been dug, all the rest of the timbers east of that point remaining standing. The evidence further tended to show that the defendant's foreman was present and directed the manner in which he wanted the ditch dug and that it was his duty to securely timber the ground and see that it was kept in a safe condition; that at one time he was down in the ditch when the dirt fell at one of the posts; that he directed a new post put in, and after the post was put in by other men than Larson or any of the men who were digging in the ditch, he said in the presence of Larson that it was safe to go ahead.

The principal point made in this case is that there was no negligence shown against defendant. It may

be said that defendant's contention embraces the point that if defendant's acts and conduct amounted to negligence, then the deceased was guilty of contributory negligence. The contention has made it necessary for us to go over the evidence. We have done so and find there was ample to sustain the court in submitting the cause and in refusing a new trial after the verdict. It was a reasonable and proper inference from the facts disclosed that the digging of the ditch without securing it as it was dug, was the cause of the foundation of the timber giving way and thus causing the caving which killed deceased and the others.

NEGLIGENCE: contributory negligence: evidence: verdict.

The work was done in the presence and under the direction of defendant's foreman. And there was affirmative evidence tending to show that he, in the presence of deceased, pronounced the work to be done to be safe and directed the workmen to proceed. It is well settled that in doing work for the master the servant has a right to rely upon the superior judgment of the master in directing certain work to be done in a certain way, though the servant knows the character of the work, unless the danger be so glaring as that no reasonably prudent man would have undertaken it in the same situation. But we will not undertake to again go over the ground so fully covered by the cases of *Halliburton v. Railway*, 58 Mo. App. 27, and *Monahan v. Coal Co.*, *Ib.* 68, and *Quigley v. Bambrick*, *Ib.* 192. The facts in this case distinguish it from that class of which *Watson v. Coal Co.*, 52 Mo. App. 366, is a type.

MASTER and servant: contributory negligence: superior judgment of master: glaring danger.

Objections were taken to the action of the court on instructions but an examination of these satisfies us that no substantial error was committed. The judgment, under the circumstances, was liberally small in

defendant's behalf and we do not feel authorized to disturb it.

Affirmed.    SMITH, P. J., concurs; GILL, J., absent.