MALINDA JOHNSON, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, March 5, 1906.

1. RAILROADS: Driver's Negligence: Instruction Covering Case. In an action to recover for the negligent killing of a mule used in a team working on defendant's railroad, where the driver's negligence was pleaded, followed by evidence tending to support the allegation, it is error to give an instruction for the plaintiff covering the whole case, and omitting the hypothesis of the driver's negligence, especially where no other instruction presenting such hypothesis is given.

2. ——: ——: ——: **Argumentative: Descriptive.** It is suggested that an instruction submitting the whole case should be redrafted so as to omit argument, assumption of facts and descriptive adjectives not appearing in proof, and so as to include the definition of negligence and the hypothesis whether defendant's negligence killed the mule; and a method of doctoring another instruction is also suggested.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED AND REMANDED.

*Thomas R. Morrow, S. W. Moore* and *Samuel W. Sawyer* for appellant.

(1) The court erred in giving to the jury plaintiff's instruction numbered 1. Hughes on Instructions to Juries, sec. 66; Van Natta v. Railway, 133 Mo. 13; Magrane v. Railway, 183 Mo. 119;; Ellis v. Wagner, 24 Mo. App. 407; Lesser v. Boekhoff, 33 Mo. App. 223; St. Louis Co. v. Ins. Co., 33 Mo. App. 349; Benjamin v. Railway, 50 Mo. App. 602; Hohstadt v. Daggs, 50 Mo. App. 240; Carder v. Primm, 60 Mo. App. 423; Cultivator Co. v. Railway, 64 Mo. App. 305; Linn v. Bridge Co., 78 Mo. App. 111; White v. Railway, 84 Mo. App. 411; Borden v. Falk Co., 97 Mo. App. 566; Roe v. Taylor, 45 Ill. 485; Ludwig v. Sager, 84 Ill. 89; Coal Run Co. v. Jones, 127 Ill. 379, 8 N. E. 865; Yarnall v. Railway, 75 Mo. 575; Ravenscraft v. Railway, 27 Mo. App. 617; Lindberg v. Railway, 83 Ill. App. 433; Cowie v. Seattle, 22 Wash. 659, 62 Pac. 121; Young v. Merkel, 163 Pa. St. 513; Dingman v. State, 48 Wis. 485; Chisum v. Chestnut, 36 S. W. 758. (2) The court erred in refusing to give defendant's instruction numbered 10. Beall v. Railway, 97 Mo. App. 111; Westaway v. Railway, 56 Minn. 28, 57 N. W. 222.

*Paxton & Rose* for respondent.

(1) The instructions were not argumentative, nor did they assume facts, nor were they otherwise defective, but, taken together, fairly stated the case to the jury. Yarnall v. Railroad, 75 Mo. 575; Ravenscraft v. Railroad, 27 Mo. App. 617. (2) The driver of plaintiff's mule, in going upon the strip, was not guilty of contributory negligence, being new and inexperienced and the danger not being close at hand nor clearly obvious to him. Mitchell v. Railroad, 108 Mo. App. 142; Stephens v. Railroad, 96 Mo. 207. (3) The driver of plaintiff's mule acted with coolness and good judgment; but even if he had acted otherwise, it would not have been permissible to defendant to put the driver in a place of danger and then to expect him to act on the spur of the moment with the greatest care and prudence. Dutzi v. Geisel, 23 Mo. App. 676, 683; Dickson v. Railroad, 124 Mo. 140. (4) The fact that the foreman permitted the three teams to go on the narrow strip when there was a train in sight and approaching, was the proximate cause of the mule's death. Hughlett v. Lumber Co., 53 Mo. App. 87, 93; Waller v. Railroad, 59 Mo. App. 410, 426; Banks v. Railroad, 40 Mo. App. 458.

ELLISON, J.—Plaintiff hired a team of mules and their driver to defendant to work on the repair of its roadbed in Jackson county. One of the mules was killed by defendant's passing train, in consequence of an alleged negligent order of defendant's foreman in directing the driver to take the team into a place of danger. The judgment was for plaintiff for the value of the mule.

Contributory negligence of plaintiff's driver was pleaded by defendant. Notwithstanding such plea, plaintiff obtained an instruction covering every phase of her case, and, on such hypothetical state of facts (wholly omitting any proviso as to the driver's negligence), peremptorily directed a verdict for her. If the driver's conduct in the management and control of the

team was not that of an ordinarily prudent and careful driver in the circumstances at the time, there can be no recovery. It was, therefore, error to give the instruction, thus purporting to cover the whole case, and directing a verdict thereon without including in it a proviso as to contributory negligence of the driver, unless covered by some other instruction in the case. If any other instruction had put the latter phase of the case clearly to the jury it would have cured and helped out the instruction as given. [Owens v. Railroad, 95 Mo. 169.] But there was none.

When the case is retried, the instruction should be discarded, redrafted entirely and so drawn as to omit matter of argument, assumption, as fact, of matters not appearing in evidence, and all adjectives of a descriptive nature of things not appearing in proof. The instruction is rather lengthy and seems to be a resume of the petition without regard to what was developed by the evidence. The tendency of these things was to exaggerate the conditions at the scene of the collision and to place before the jury a somewhat effective argument in the shape of an instruction. As will be seen by authorities in brief of defendant's counsel, this was all improper matter. Furthermore, it should in referring to defendant's alleged negligence, in some way inform the jury what constitutes negligence. [Magrane v. Railroad, 183 Mo. 119; Ravenscraft v. Railroad, 27 Mo. App. 617.] Again, the instruction should include the hypothesis whether the defendant's negligence was the cause of the killing of the mule.

We regard the record as disclosing sufficient to justify the statement that there was evidence tending to show contributory negligence in the driver, and also of his want of skill. Therefore, defendant's instruction numbered 10 should be given by inserting the word, "directly," between the words "skill" and "contributed."

The judgment will be reversed and the cause remanded. All concur.