MARTHA A. JOHNSON, Respondent, v. SPRING-FIELD TRACTION COMPANY, Appellant.

Springfield Court of Appeals, December 11, 1913.

1. **INSTRUCTIONS: Needlessly Multiplying: Proper to Refuse.** The giving of too many instructions in a case tends to confuse rather than enlighten the jury. And where the court has given an instruction which fairly and clearly presents an issue, further instructions which cover the same point and differ only in verbiage are properly refused.

2. **CONTRIBUTORY NEGLIGENCE: Pleading: Insufficiency.** The issue of contributory negligence is not raised by a mere statement of .a conclusion that if the defendant was negligent the plaintiff was also guilty of negligence contributing thereto and such pleading is bad and insufficient in the absence of any waiver.

3. **STREETS: Railway Track on: Rights of Travelers to Street: Negligence.** Merely driving on the part of a public street occupied by street car track is not negligence, no part of such street having been set aside for the exclusive use of the defendant car company.

4. **NEGLIGENCE: Of Another Person not an Agent: Not to be Imputed to Plaintiff.** In an áction against a street car company for damages on account of injuries received in a collision between defendant's car and a wagon in which plaintiff and her husband were driving, where plaintiff was not driving nor was her husband her agent in doing so, his negligence, if any, could not be imputed to plaintiff, there being no concurrence in such negligence on her part.

5. **INSTRUCTIONS: Contributory Negligence: Embodied in Separate Instruction: General Instruction Omitting, not Error.** A defense like contributory negligence or assumption of risk, which must be pleaded and proven by defendant, may properly be left to a separate instruction; and a general instruction, covering the whole case and on the facts therein stated warranting a verdict for plaintiff, is not erroneous because it omits any reference to such defense.

6. ————: **Supplementing Each Other: Rendering Error Harmless: Curing Omission.** If any error was committed by omission of any reference to contributory negligence in a general instruction given for plaintiff, the omission was cured and the error corrected where such instruction and an instruction given for defendant on contributory negligence supplemented each other and covered the case harmoniously as a whole.

7. ————: **General Statement Prefacing Specific Application: Proper.** In an action for negligence against a street car company an instruction is properly prefaced with a general statement of the duty of the operators of the street car to travelers along the pathway of the car followed by a specific application of the duty thus stated to the particular facts in issue.

8. **NEGLIGENCE: Street Railroads: Vigilant Watch Doctrine.** A city ordinance is not necessary to put in force the "vigilant watch doctrine." It is in force as a part of the common law.

9. **INSTRUCTIONS: Stereotyped Phrases: Needless Repetition.** While instructions should be carefully drawn so as not to assume a controverted fact, yet it is not essential to their validity that such phrases as *"if any"* and *"if you so find"* should be inserted after every clause.

10. ————: **Street Railways: Action Against for Negligence: Instructions not in Conflict.** Action against a street car company for negligence resulting in a collision with a wagon in which plaintiff was riding. An instruction permitted a recovery if the defendant could have prevented the accident by either stopping the car or sounding a gong and negligently failed so to do. Another instruction permitted recovery for the negligent failure to stop the car even if the gong was sounded. *Held*, not conflicting.

11. **INSTRUCTIONS: Refusal of: No Ground for Complaint, When.** Appellant cannot complain that an instruction was not given when such instruction was not requested by him.

12. **STREET RAILWAYS: Negligence: Action for: Vigilant Watch Doctrine.** The vigilant watch doctrine requires that a motorman on a street railway car, on the appearance of danger to a person or vehicle on the track or in dangerous proximity thereto, shall put the car under control and stop same in time to avoid a collision, if possible.

13. **———: Negligence: First Appearance of Danger: Question for Jury.** The jury must determine under all the facts in each particular case when is the first appearance of danger.

14. **———: Negligence: Duty of Vigilant Watch: Arises, When.** Where there is an unobstructed view of a wagon either on a street railway track or so near thereto as to be in the danger zone, so that the jury is warranted in finding that the motorman either saw, or by due care could have seen, such wagon in the place of danger in time to stop the car and avoid the collision, then the time and place where his duty in this regard arose is somewhere between the first place of vision and the collision and is determined by the phrase "in time to avoid the collision."

15. **INSTRUCTIONS: Street Railways: Collision: Failure to Stop Car: Instruction Approved.** In an action against a street railway company for personal injuries because of a collision, an instruction predicating negligence on the failure to stop the car after the motorman saw, or with due care could have seen, the wagon moving along the track in dangerous proximity thereto, is examined and approved.

16. **NEGLIGENCE: Contributory Negligence: Humanitarian or Last Chance Doctrine.** The humanitarian or last chance doctrine is an exception to the rule that contributory negligence is a complete defense and arises not because, but in spite, of plaintiff's negligence.

17. **PLEADING: Negligence: Contributory Negligence: Last Chance Doctrine.** It is not necessary for the plaintiff to plead or admit his own negligence in pleading facts invoking the "last chance doctrine."

18. **NEGLIGENCE: Contributory Negligence: Last Chance Doctrine.** Where the facts found call for the application of the last chance or humanitarian doctrine, the question of the plaintiff's negligence becomes of no importance.

19. **EVIDENCE: Positive or Negative: Weight of: For Jury.** It is a question for the jury whether the evidence of witnesses who say they heard the gong sounded is entitled to greater

weight than the evidence of those who say they were in a position to hear same but did not. The one is positive, the other negative. And the jury are the sole judges of the weight to be given to any evidence.

20. INSTRUCTIONS: Age and Expectancy: Proof Concerning: Instruction on Properly Refused. Where there was no proof of plaintiff's expectancy at her age, it was not error to refuse to instruct the jury that they should take into consideration her age and expectancy in determining the amount of her damages.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) An instruction which by its terms and plain meaning covers the whole case and, on the facts therein stated, peremptorily directs a verdict for plaintiff, must cover every phase of the case and must include the defenses interposed. Stewart v. Andes, 110 Mo. App. 243; Scanlan v. Gulick, 199 Mo. 449; Austin v. Transit Co., 115 Mo. App. 146; Johnson v. Railroad, 117 Mo. App. 308; Rudd v. Fire Co., 120 Mo. App. 1; Abbott v. Mining Co., 112 Mo. App. 550; Grier v. Strother, 111 Mo. App. 386; Flaherty v. Transit Co., 207 Mo. 318; Toncrey v. Railroad, 129 Mo. App. 596; Balles v. Railroad, 134 Mo. App. 696; Johnson v. Railroad, 203 Mo. 381; Teddeck v. Car Co., 125 Mo. App. 24; Percell v. Railroad, 126 Mo. App. 43. (2) Where an instruction given for the plaintiff does not correctly declare the law, this error is not cured by an inconsistent but correct declaration of law given for defendant. McKinnon v. Coal Co., 120 Mo. App. 148; Wojtylak v. Coal Co., 188 Mo. 260; State v. Darling, 202 Mo. 150-155. (3) Where an instruction assumes a controverted fact, it is reversible error. In-

structions Nos. 1 and 2 assumes that the plaintiff was in "dangerous nearness" to the track, and is therefore fatally erroneous. Klein v. Transit Co., 117 Mo. App. 691; York v. City of Everton, 121 Mo. App. 640; Bond v. Railroad, 122 Mo. App. 207; Manufacturing Co. v. Ham, 112 Mo. App. 718; Stanley v. Railroad, 112 Mo. App. 601; Crow v. Railroad, 212 Mo. 589; Railroad v. Stewart, 201 Mo. 491. (4) The petition contains specific allegations of negligence, to-wit, that defendant was running its car at from 10 to 15 miles an hour and not ringing its gong. These are the allegations of facts—the others are mere conclusions. Hence instructions should have been confined to these specific allegations. At least refused instruction H should have been given. Kirkpatrick v. Railroad, 211 Mo. 68; Smith v. Railroad, 126 Mo. App. 120; Hartman v. St. Louis T. Co., 112 Mo. App. 439; Joseph v. Railroad, 129 Mo. App. 603; Thompson v. Keyes Co., 214 Mo. 487. (5) The humanitarian doctrine cannot be invoked except upon the concession of negligence by plaintiff. Beelenwald v. Railroad, 121 Mo. App. 595-601. (6) It was not the duty of the motorman to stop the car, or even to check it (if not running a negligent speed) because the plaintiff and husband did not immediately move away upon first signal. This was a vital question which should have been submitted to jury under proper instructions. Malloy v. Railroad, 84 Mo. 270; Zimmerman v. Railroad, 71 Mo. 467; Purl v. Railroad, 72 Mo. 168; Yancy v. Railroad, 93 Mo. 433; Boyd v. Railroad, 105 Mo. 371; Smith v. Railroad, 52 Mo. App. 36; Millinery Co. v. Railroad, 89 Mo. App. 668; Grocer Co. v. Railroad, 89 Mo. App. 534; Caldwell v. Railroad, 58 Mo. App. 453; Weaver v. Railroad, 60 Mo. App. 207; Bunyan v. Railroad, 127 Mo. 12; Riley v. Railroad, 68 Mo. App. 661; Rine v. Railroad, 88 Mo. 392; Jackson v. Railroad, 157 Mo. 621; Hyde v. Railroad, 110 Mo. 279.

*George Pepperdine* and *Patterson & Patterson* for respondent.

(1) Contributory negligence is a matter of defense and should be pleaded in the answer, in order to be available as a defense to plaintiff's cause of action, and that the plaintiff need not allege or prove that he was without fault at the time of the injury. Petty v. Railroad, 88 Mo. 306; Hudson v. Railroad, 101 Mo. 13; Young v. Iron Co., 103 Mo. 324; Owens v. Railroad, 95 Mo. 169; Dougherty v. Railroad, 97 Mo. 661; Bank v. Hatch, 98 Mo. 379; Reilly v. Railroad, 94 Mo. 600; State ex rel. v. Hope, 102 Mo. 426; Burdoin v. Trenton, 116 Mo. 372; Hughes v. Railroad, 127 Mo. 452; Meadows v. Life Ins. Co., 129 Mo. 97; Anderson v. Railroad, 161 Mo. 427. (2) The instructions should be construed as a collective whole. McKinstry v. St. Louis Transit Co., 82 S. W. 106. (3) The husband's negligence, if any, is not imputable to the plaintiff. Moon v. Transit Co., 237 Mo. 435. (4) A party cannot complain of an instruction in harmony with one requested by him. Thorpe v. Railroad, 89 Mo. 650; Hall v. Water Co., 48 Mo. App. 356. (5) Errors not materially affecting the merits are not ground for reversal. Orth v. Dorschlied, 32 Mo. 366; Phillips v. Evans, 64 Mo. 17; Crawford v. Cushman, 82 Mo. App. 554; Berksen v. Railroad, 144 Mo. 211; Boettger v. Iron Co., 124 Mo. 87. (6) The court should not give instructions advising the jury what weight they should attach to parol evidence. State ex rel. v. Railroad, 70 Mo. App. 634. (7) Defendant requested 22 instructions. The court would have been justified in refusing all of the defendant's instructions because of their multiplicity. As too great a multiplicity of instructions only tend to confuse a jury, that fact in itself is a good ground for their refusal. Crawshaw v. Sumner, 56 Mo. 517; Coe v. Gregg, 76 Mo. 619; Doan v. Railroad, 43 Mo. App.

450; Kinney v. Springfield, 35 Mo. App. 97; Hannibal v. Richards, 35 Mo. App. 15. (8) Appellant is precluded from making the contention that the court erred by instructing on the humanitarian doctrine because the court at defendant's instance and request gave instruction No. 6, which was an instruction on this doctrine. Septowsky v. Transit Co., 102 Mo. App. 110; McCauley v. Brown, 99 Mo. App. 625; I Mo. Digest, p. 822 (100 cases cited to the above effect).

STATEMENT.—The defendant appeals from a judgment for $6000 in favor of plaintiff for personal injuries sustained by her by reason of defendant's trolley car colliding with a wagon on which she was riding with her husband, whereby plaintiff was thrown to the pavement. The injury occurred on Jefferson, a north and south street, in Springfield, Missouri, on Labor Day, 1912. The plaintiff and her husband, both very old people, were moving from the country to town and were hauling certain household goods, including an "old-fashioned" kitchen safe, on a one-horse spring wagon, they sitting on a spring seat with this kitchen safe fastened crosswise on the wagon bed just behind this seat. This safe was some six or seven feet high and when laid across the wagon bed projected over either side some eighteen to twenty-four inches. The wagon was traveling south, as was the trolley car which struck it, and, while there is some conflict of the evidence on this point, the jury were warranted in finding that shortly before the actual collision one wheel of the wagon was running inside the west rail with the driver trying to turn to the west so as to entirely clear the track. The car overtook the wagon just after the wagon wheel passed over the rail to the west side and while the wagon was yet so near the track that, while the car cleared the wagon, it struck the projecting end or legs of this kitchen

safe, forcing it forward against the seat and precipi-
tating both plaintiff and her husband onto the pave-
ment a few feet from the curb on the west side of the
wagon. The force of the blow was such that, while
plaintiff was on the east end of the seat next to the
colliding car, she was thrown over her husband light-
ing nearest to the west curb. The husband died from
the effects of his injuries and this plaintiff had several
bones broken and received severe and permanent in-
juries. This suit is for her personal injuries and not
for the death of her husband. It is shown that Jeffer-
son is a much traveled street at and near the place
of the accident and that at the time and place thereof
there was one or two automobiles near the west curb,
so that plaintiff's wagon was to some extent hemmed
in so as to prevent turning westward to clear the
track. Plaintiff testified that she remembered well of
their driving along the street in the wagon but knew
nothing of the accident or what caused it until she re-
gained consciousness at the hospital some days later
and was told how she got hurt. As her husband was
killed it is mere conjecture that he ever knew of the
approach of the car from the rear or what happened
to him.

It is undisputed that those in charge of the car
had an unobstructed view of the wagon as it proceeded
up the track for a block before the wagon was reached;
it was a clear day, the track in good condition, the car
equipped with modern appliances and running up
grade. There is also much evidence, though this is not
uncontradicted, that the car was running eight to ten
miles per hour, the speed not slackened until the ac-
tual collision and that no gong or other alarm was
sounded to give warning of the car's approach from
the rear. The following substance of the evidence of
the witness Horn who saw the accident will show how
it occurred: I operated an electric car as motorman

about two years at Kansas City; am reasonably familiar with the operation of these cars and with the appliances on them; this was a two-truck car; I was in Springfield on September 2, 1912, on Labor Day; I did not know Mr. and Mrs. Johnson at that time; I witnessed the collision; when I first saw the wagon it was going south, one wheel on the left-hand side being about on the west rail of the track; the car was about sixty feet from the wagon when I first noticed it; the car was going eight or ten miles an hour and did not slow up after I saw it until it struck the wagon; It kept on at the same rate of speed; I did not hear any alarm sounded; at the time the car struck the wheel of the wagon had gotten off of the track; I do not think the car struck the wagon but it struck the legs of the safe lying on top of the wagon and threw it against the seat; the safe extended over the sides of the wagon; the effect of the collision was the pushing of the safe forward and striking the seat and throwing the old people out; at the speed this car was going it could have been stopped in about thirty or forty feet.

The grounds of negligence alleged in the petition and on which the case went to the jury are that the persons in charge of the car saw or by the exercise of ordinary care could have seen the wagon and plaintiff on the track or in dangerous nearness thereto in time to have prevented the accident by sounding the gong or stopping the car and negligently failed to do so. The answer is in effect a general denial, except admitting the collision, coupled with a general statement that if defendant "was guilty of any negligence, as alleged in the petition, which defendant denies, and that such alleged negligence caused said collision and injury, which defendant denies, the negligence of the plaintiff and the negligence of her said husband directly contributed thereto."

## OPINION.

STURGIS, J.—The defendant asked a demurrer to the evidence but the above statement of the salient facts of the case will leave no doubt that the trial court correctly overruled the same.

The principal errors assigned here relate to the giving and refusal of instructions. The court gave five instructions for plaintiff, one of which defining ordinary care and negligence is not criticised, and gave eight instructions for defendant, as asked, and one other slighly modified; enough, we think, to abundantly and redundantly present all the issues in the case. Nevertheless, defendant complains and assigns error on the refusal of each and all of fourteen other instructions. We are not advised whether the trial court exercised its right to refuse some or all of those so refused on the ground of their multiplicity on the theory that too many instructions tend to confuse rather than enlighten the jury on the issues. [Sidway v. Land Company, 163 Mo. 342, 356, 63 S. W. 705; Norton v. Railway, 40 Mo. App. 642; Crawshaw v. Summer, 56 Mo. 517; Coe v. Griggs, 76 Mo. 619.] We will not so treat the case as we are aware that the courts, by justifying at times the refusal of instructions upon the ground of their not being so accurately worded or drawn as to present a strictly correct statement of the law as applied to the particular facts of that case, make necessary the practice which they condemn. We do hold, however, that courts should not *give* too many instructions in any case, as they tend to confuse rather than enlighten the jury, and that, having given an instruction which fairly presents an issue in such manner that the ordinary juror will understand the same, then further instructions differently worded but covering the same point or making nice legal distinctions are properly refused. What we have here said is not a mere general observation

but is directly applicable to this case and disposes of numerous alleged errors in the refusal of instructions.

To set out all of the instructions given and refused and mention each and all of the very many objections urged against them would extend this opinion beyond reasonable limits. We will, therefore, only mention such as seem to be specially relied on or which on first thought would seem to have some merit. The first instruction given told the jury that:- "The court instructs the jury that it is the duty of a motorman operating a street car in a public street to keep a strict watchout for persons or vehicles in the pathway of the car, or so near the pathway of the car that they are likely to get in the pathway of the car; and a failure to do so is negligence." Then, after numerating certain facts to be found as to the track and method of traveling and condition of the wagon and safe thereon, proceeds: " . . . and that defendant's motorman caused and suffered said car to collide with plaintiff's wagon, and thereby injured plaintiff; and that defendant's motorman saw, or by the exercise of ordinary care could have seen, the said wagon moving along the defendant's said track, as aforesaid, in *dangerous nearness thereto;* and that thereafter said motorman, by sounding the gong of the car, or by stopping said car in the shortest time and space practicable, with the means and appliances at hand, could have prevented said car from colliding with said wagon and the said safe that it contained; and that said motorman negligently and carelessly failed so to do, then you will find the issues in favor of the plaintiff."

The first criticism leveled against this instruction is that it is one purporting to cover the whole case and directing a verdict for plaintiff on the facts there stated and that it is erroneous because not mentioning the defense of contributory negligence. We have much doubt as to there being any contributory negligence in the case as applied to plaintiff, either in the

pleadings or evidence. The courts have again and again condemned this method of pleading contributory negligence by a mere general statement of a conclusion that if defendant was negligent, the plaintiff was also guilty of negligence contributing thereto and have held the same bad pleading and insufficient (absent some waiver) to raise any such issue. [Cain v. Wintersteen, 144 Mo. App. 1, 128 S. W. 274; Wallower v. City of Webb City, 171 Mo. App. 214, 156 S. W. 48, and cases there cited.] Considering the evidence on this point, this was a public street, no part of which was set aside for the exclusive use of the defendant, and the mere use for driving thereon of the part of the street occupied by the car track was not negligence. The plaintiff was not driving or directing the management of the wagon; nor was her husband her agent in so doing. Any negligence on his part, though we do not hold there was any, as to where and how he was driving, is not to be imputed to her. His negligence was not hers. [Moon v. Transit Co., 237 Mo. 425, 435, 141 S. W. 870; Munger v. City of Sedalia, 66 Mo. App. 629; Hedges v. City of Kansas, 18 Mo. App. 62; Stotler v. Railroad, 200 Mo. 107, 146, 98 S. W. 509; Becke v. Railroad, 102 Mo. 544, 13 S. W. 1053; Sluder v. Transit Co., 189 Mo. 107, 138, 88 S. W. 648.] Nor is there anything in this case to bring this plaintiff within the exceptions to the rule just stated on the ground that she concurred in, or gave express sanction to, any negligent act of the husband, or, knowing the danger, failed to protect herself. [Sluder v. Transit Co., 189 Mo. 107, 142, 88 S. W. 648.]

But, granting that there is evidence of contributory negligence sufficient to take that issue to the jury, yet, the court gave an instruction asked by the defendant pointing out all the acts of both plaintiff and her husband which it thought would constitute contributory negligence and winding up by telling the jury

that if they found such conduct contributed to the collision and injury to find for defendant. Instruction numbered 5, given for plaintiff, also submitted this same issue to the jury. The insistence here is that these "belated" instructions, though properly submitting this issue, do not cure the error of omitting this defense in instruction numbered 1. It is broadly asserted that any instruction which, by its terms and meaning, covers the whole case and on the facts therein stated directs a verdict for plaintiff is erroneous if it fails to include the defense interposed and such error is not cured by other instructions correctly submitting such defense. The decisions may be hard to reconcile on this proposition and the rule is probably too general to fit all cases either way. Such an instruction may or may not be error, depending on the peculiar facts of the particular case. To say, however, that such an instruction if standing alone is erroneous is one thing and that the error cannot be cured by another proper instruction is quite another. All the cases cited by defendant do not sustain its broad contention, as it is plainly held in Austin v. Transit Co., 115 Mo. App. 146, 152, 91 S. W. 450, that while such an instruction is erroneous: "But where the omission is cured by other instructions plainly and intelligently submitting the omitted evidence to the jury and directing the result that should be reached if such evidence is found to be true, the error would be corrected. [Gordon v. Burris, 153 Mo. 223, 54 S. W. 546; Perrette v. Kansas City, 162 Mo. 238, 62 S. W. 448; Orscheln v. Scott, 79 Mo. App. 534; Lemser v. Mfg. Co., 70 Mo. App. 209; Larson v. Mining Co., 71 Mo. App. 512.]" Such, also, is the ruling in Johnson v. Railway Co., 117 Mo. App. 308, 311, 93 S. W. 866; Abbott v. Mining Co., 112 Mo. App. 550, 556, 87 S. W. 110. As applied to the particular point now at issue it has been frequently ruled that a defense like contributory negligence or assumption of risk which must be pleaded

and proved by defendant may properly be left to a separate instruction and an instruction like the one complained of omitting any reference to such defense is not erroneous. [Underwood v. Railroad, 125 Mo. App. 490, 102 S. W. 1045, and cases cited.] It is said in Meily v. Railroad, 215 Mo. 567, 114 S. W. 1013, that no case except that of Sullivan v. Railroad, 88 Mo. 169, has ever so held and that it was overruled by Owens v. Railroad, 95 Mo. 169, 8 S. W. 350, and a number of other cases cited. We, therefore, rule this point against appellant and think our ruling will be found to be in accord with Deschner v. Railway Co., 200 Mo. 310, 333, 98 S. W. 737, and Tranbarger v. Railroad, 250 Mo. 46, 156 S. W. 694. We are, of course, now speaking of cases, of which this is one, where the instructions supplement each other and when read together make a harmonious whole and not of cases where an incorrect instruction is sought to be excused or cured on the ground that another given instruction covering the same point but contradictory is correct. In such cases they would not supplement and aid each other, making a harmonious whole, but would be contradictory and destructive one of the other, and presumptively such would be error. Such is the reason underlying some of the cases relied on by appellant, as for instance, Stewart v. Andes, 110 Mo. App. 243, 248, 84 S. W. 1134.

The first part or "preamble" of this instruction numbered 1, above quoted, is also criticised as being a mere abstract principle of law too general to be a guide to the jury and affording the jury too much of a roving commission. It is certainly the common practice to preface an instruction in negligence cases with a general statement of the duty of the operator of machinery, etc., to those using it or likely to come in contact therewith and to follow the same, as was done in this case, with a specific application of the doctrine thus stated generally to the particular facts in issue.

We know of no case condemning such an instruction and a similar one received the approval of this court in Overby v. Mears Mining Co., 144 Mo. App. 363, 374, 128 S. W. 813.

It is also assigned as error that this preamble puts in force the vigilant watch doctrine without any city ordinance being in force to that effect. Such doctrine, however, is in force as part of the common law of the land without any city ordinance. [Sluder v. Transit Co., 189 Mo. 107, 136, 88 S. W. 648, and cases cited; McFern v. Gardner, 121 Mo. App. 1, 11, 97 S. W. 972; Mertens v. Transit Co., 122 Mo. App. 304, 312, 99 S. W. 512.]

It is also said that this instruction numbered 1 is erroneous in saying, "The court further instructs the jury that if they believe and find from the evidence . . . that the defendant's motorman saw, or by the exercise of ordinary care could have seen, the said wagon moving along the defendant's said track, as aforesaid, in dangerous nearness thereto, etc., "in that it assumes that the car in question was "in dangerous nearness thereto," and that same should have been qualified by saying "if you so find" or some equivalent expression. We see no merit in this contention. Certainly any juror would understand that he was required to find as a prerequisite to plaintiff's recovery not only that the motorman saw the wagon in a dangerous position but that it was in a dangerous position when he saw it. While instructions should be carefully drawn so as not to assume a controverted fact, yet the habit, due, possibly, to the technicality of the courts in that respect, of inserting after every clause of an instruction such phrases as "if any," and "if you so find," is apt to cause more confusion than it clears up.

It is next complained that instructions numbered 1 and 2, given for plaintiff, are in conflict in that number 1 permits a recovery if the defendant could

have prevented the accident by either sounding the gong or stopping the car and failed so to do; while number 2 permits a recovery for the negligent failure to stop the car even if the gong was being sounded. We cannot see why both propositions are not correct. If it was the duty of defendant to do both these things if thereby the injury could have been avoided, then the doing of one only would not excuse the failure to do the other when the doing of the other would have avoided the injury.

Another complaint is that the motorman in charge of the car, although seeing the wagon on the track or dangerously near thereto, had a right to presume that the plaintiff and her husband would leave the track on the approach of the car and that the motorman owed them no duty to stop the car or check its speed until it became apparent that the wagon would not or could not do so, and that the jury should have been so instructed. We fail, however, to find any such instruction among the numerous refused ones asked by the defendant. But it is said that plaintiff's instructions should have told the jury *when* defendant's duty to stop the car arose. As applied to street cars easily controlled and stopped and being operated on a much traveled street, the doctrine just stated has a very limited application. If it is meant that such cars may be run and kept running at such a rate of speed under such conditions in reliance on a wagon moving out of the danger zone until too late to avoid the injury by stopping the car, then we cannot give assent to it. We have shown that the vigilant watch doctrine is but declaratory of the common law and exists without any ordinance and that doctrine requires that the motorman ''on the first appearance of danger to such vehicle shall stop the car in the shortest time and space possible.'' It is a question for the jury to determine *when* the first appearance of danger accrues under the facts of any particular case. When there

is an unobstructed view of a wagon, either on the track or so near thereto as to be in the danger zone, so that the jury is warranted in finding that the motorman either saw or by due care could have seen such wagon in the place of danger in abundant time to control or stop his car before colliding with it, then the time and place where his duty in this regard arose is necessarily somewhere between the place of first vision and the collision. The first instruction predicates negligence on the failure to stop the car after the motorman saw or with due care could have seen the wagon "moving along the track in dangerous proximity thereto," and the second one on such failure to stop or attempt to stop the car after so seeing the wagon "in the pathway of the car" and before the time of collision. These instructions conform to the amended instruction approved in Bunyan v. Railway Co., 127 Mo. 12, 15, 16, 29 S. W. 842, and do not conflict with Boyd v. Railway Co., 105 Mo. 371, 380, or Hutchinson v. Railway Co., 88 Mo. App. 376, relied on by appellant. [See Wise v. Transit Co., 198 Mo. 546, 558-9, 95 S. W. 898.] We rule this point also against the appellant.

We are also met with the novel suggestion that the court should not have submitted the case on the humane or last chance doctrine because plaintiff does not plead or admit her own negligence, and it is asserted that this doctrine rests only on conceded negligence, citing Bectenwald v. Railway Co., 121 Mo. App. 595, 601, 97 S. W. 557. Aside from the fact that defendant submitted the same theory by its instruction numbered 6, and cannot now be heard to complain (Sepetowski v. Transit Co., 102 Mo. App. 110, 76 S. W. 693), we do not think that it is either usual or necessary for the plaintiff to plead or admit his own negligence in pleading the facts invoking such doctrine. In those cases in which the humanitarian doctrine is an exception to and defeats the rule that contributory negligence is a complete defense, this doctrine arises

not because of, but in spite of, plaintiff's negligence. [Hutchinson v. Railway Co., 88 Mo. App. 376.] Negligence in such cases is more often found by the jury against plaintiff's denial than by his admission, and the plaintiff is allowed to recover notwithstanding the finding against him of his contributory negligence. The more correct doctrine is that where the facts found call for the application of the humanitarian doctrine, the question of plaintiff's negligence becomes of no importance one way or the other.

Nor can we convict the trial court of error in refusing the instruction asked that positive evidence, to-wit, the evidence of witnesses who say that they heard the gong sounded, is entitled to greater weight than negative evidence, to-wit, of those who say that they were in a position to hear but did not hear any gong. This is a question to be weighed by the jury, who are the sole judge of the weight to be given the evidence of any witness. State ex rel. v. Railroad, 70 Mo. App. 634, 641; Milligan v. Railroad, 79 Mo. App. 393, 397.

Nor was it error to refuse to instruct the jury that in determining the amount of damages to take into consideration the age and expectancy of the plaintiff, as there was no proof of her expectancy at her age.

We have examined the numerous other assigned errors, inclusive of the instruction on the measure of damages and the remarks of counsel to the jury during the argument, but find no reversible error therein. The judgment is, therefore, affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.