·JOHN J. HORNER, and P. C. HORNER, Respond- ·
ents, v. J. E. FRANKLIN, Appellant.

Springfield Court of Appeals, December 12, 1914.'

1. **CONTRACTS: Sale of Corn: Breach: Evidence Examined.**
Action for breach of contract for sale of corn. Evidence ex-
amined and considered sufficient to warrant the finding of the
jury that all the crop of corn grown on a certain plantation
was sold by defendant to plaintiff and not merely so much
thereof as could be delivered by defendant within sixty days.

2. **INSTRUCTIONS: Defense Covered by Separate Instructions.**
An instruction for plaintiffs covering their whole case, failed
to incorporate defendant's defense. No error was committed
where another instruction was given for defendant fully sub-
mitting his theory of the case.

3. **EVIDENCE: Memorandum of Agent: Not Admissible, When.**
Action for breach of contract of sale of corn, the controversy
being as to the quantity included in the contract of sale. Memo-
randum of defendant's agent, made at the time the contract
was made by telephone communication, is not admissible.

4. **TRIAL: Statements of Counsel: When Not Cause for Reversal.**
In an action for breach of a contract of sale of corn, certain
statements in argument of counsel examined and considered not
cause for reversal. ·

Appeal from Pemiscot County Circuit Court.—*Hon.
Frank Kelly,* Judge.

AFFIRMED.

*Jones, Hocker, Hawes & Angert* and *Hope, Green
& Seibert* for appellant.

(1) The trial court erred in giving to the jury
instruction numbered 1, requested by the plaintiffs.
It is erroneous as not clearly defining the issues to be
tried, and further erroneous because it undertakes to
cover the whole case, but at the same time leaves from
the consideration of the jury defendant's defense, viz.,

the theory that McFarland did not agree to sell all the corn, but only such as could be delivered within sixty days. Abs., p. 94; Hamilton v. Railway Co., 114 Mo. App. 513. (2) The trial court erred in refusing to permit defendant to read in evidence the memorandum made by the witness J. H. McFarland of the contract at the time of entering into the same. Abs., pp. 69-70; Vol. XI, Ency. Evidence, pp. 414-416; Salmon v. Davis, 29 Mo. 182. (3) The impassioned and improper argument made by plaintiffs' counsel in his closing argument to the jury is alone sufficient to require that this cause be reversed and remanded for a new trial. Abs., pp. 97-99; Bishop v. Hunt, 24 Mo. App. 377; Fathman v. Tumilty, 34 Mo. App. 241; Nichols & Shepherd Co. v. Metzger, 43 Mo. App. 618; Beck v. Railroad, 129 Mo. App. 23; Evans v. Trenton, 112 Mo. 399; Haynes v. Trenton, 108 Mo. 133; Harrison v. Franklin, 126 Mo. App. 366.

*Von Mayes, Ward & Collins* for respondents.

(1) Instruction No. I is not subject to criticism. It does not preclude the consideration of defendant's theory as submitted in Instruction No. 3, given for defendant. (2) The witness McFarland, who made the memorandum excluded, testified positively to the terms of the contract, and his recollections were independent from said memorandum. There was no necessity to refer to said memorandum, much less introduce it in evidence. 40 Cyc. 2467; Coombs v. Coombs, 86 Mo. 176; Manion Blacksmithing & Wrecking Co. v. Careras, 19 Mo. App. 162; Eberson v. Investment Co., 130 Mo. App. 296. (3) The argument of counsel complained of was not such as to warrant reversal. Nichols & Shephard Co. v. Metzger, 43 Mo. App. 6, 8; Evans v. Town of Trenton, 112 Mo. 399; Fathman v. Tumilty, 34 Mo. App. 241; Ensor v. Smith, 57 Mo. App. 596; Back v.

Railroad, 129 Mo. App. 24; Haynes v. Town of Trenton, 108 Mo. 133.

ROBERTSON, P. J.—This action involves the right of the plaintiffs to recover damages for the failure of the defendant to deliver a crop of corn which the plaintiffs claim to have purchased from him. The corn consisted of the 1911 crop grown on what is called the ''Lakeland Plantation Farm,'' sometimes referred to as the ''Lake Farm.'' The contract was entered into February 16, 1912. Plaintiff claims that they purchased all of the crop, but defendant asserts that he agreed to sell only what he could deliver within sixty days from that date. Defendant delivered a portion of the crop, over six thousand bushels, within the sixty days but refused to deliver the balance, over nine thousand bushels. A jury trial resulted in a verdict for plaintiffs and defendant has appealed.

The defendant first urges that the jury should have been instructed to return a verdict for him for the reason that there was no testimony tending to prove that plaintiff bought all of the corn. To sustain this contention he quotes testimony that is most favorable to him. If there is substantial evidence to support the contract plaintiffs claim they had with defendant we cannot disturb the verdict on that point. We notice the testimony of plaintiffs' agent who, after testifying as to the price and the places of delivery, testified that he bought the corn ''known as 'Lake' corn,'' and that the Lake corn was what was grown on the Lakeland plantation. This witness also testified that as to the negotiations leading up to the purchase, which shows conclusively to our minds that the contract about which he testified was intended to and did include the entire crop. Another witness for plaintiff testified, without objection, that defendant's agent told him that he had sold all of the crop to the plaintiff. To discuss the details of this testimony and analyze the contention of the

defendant with reference thereto would require more space than we feel is justified, since we are clearly of the opinion that the instruction was properly refused.

It is next urged by the defendant that the court erred in giving an instruction in behalf of plaintiffs upon the whole case which did not incorporate therein defendant's defense that he sold only what could be delivered within sixty days. In support of this contention he cites Hamilton v. Metropolitan St. Ry. Co., 114 Mo. App. 504, 513, 89 S. W. 893, which involved a case wherein the instructions were conflicting because one authorized recovery for negligence not pleaded and the other for negligence charged in the petition. Defendant states in its brief however that plaintiffs' instruction "leaves from the consideration of the jury defendant's defense." The instruction hypothetically submitted the plaintiffs' theory and as it was found to be correct the jury must have disbelieved the defendant's theory which was submitted in an instruction given in his behalf, and on his request. It was not error to give the instruction here complained of, and especially since an instruction was given for defendant on his sixty-day theory. [Johnson v. Springfield Traction Co., 176 Mo. App. 174, 186, 161 S. W. 1193.]

The negotiations relative to the corn were had with an agent of the defendant. This agent testified that he had a conversation with plaintiffs' agent over the telephone and at the time made the following memorandum:

"2/16/12 Horner's bid on all corn we have—Lake & Tyler Supply Co.—67c per bu. F. O. B. Tyler & Cooter, he to furnish thrower-back, and said bid was accepted for what corn we can deliver during the next sixty days from above date." This was offered in evidence, but on the objection of the plaintiffs the court refused to admit it. The defendant excepted and assigns the action of the court as error. We hold it was not. Davis, Adm'r v. McClelland, in which an opinion

was filed in this court November 14, 1914. The appellant cites on this point Salmons' Adm'rs v. Davis, 29 Mo. 176, 182, which was a case where the memorandum was signed by some of the parties sought to be charged therein and read in the hearing of the other party who made no objection thereto.

The following statement made by the attorney for plaintiff in his closing argument to the jury was objected to: "Tell me, that J. E. Franklin, with his sharp financial eye did not look out and see the prices of corn advancing." The testimony was to the effect that when the defendant refused to deliver the balance of the corn he sold it to another party at a great advance in price. Plaintiff had a right to make the deduction from the testimony that defendant had in fact contracted to sell all of the corn to plaintiffs, but that on account of the advance in the price he preferred to ignore his contract with them and sell to other parties, taking his chances with plaintiffs.

Again the plaintiff stated to the jury; "But Horner Brothers had bought it at the price and the same law that governs these boys that went into bankruptcy, and they will always be in bankruptcy if they deal with fellows like J. E. Franklin, I say—." The defendant, for some reason not disclosed by the record, offered testimony to the effect that the plaintiffs had made an assignment for the benefit of their creditors. If this subject was improper for the consideration of the jury the defendant invited the error and cannot be heard to complain if plaintiffs' attorney resorted to this method of overcoming any bad effect he may have conceived it would have on the jury. The court committed no error in ignoring the defendant's objections to all of the above remarks.

There being no error in the case justifying any interference on our part the judgment will be affirmed. It is so ordered.

*Sturgis* and *Farrington, JJ.,* concur.