Beckman v. Raines.

---

MRS. ANNA BECKMAN, Respondent, v. DR. O. C. RAINES, Appellant.

**St. Louis Court of Appeals.   Opinion Filed June 20, 1922.**

1. **INSTRUCTIONS: Trover: Assumption of Facts.** In an action in trover to recover the value of a diamond ring pledged, an instruction, expressly requiring the jury to find from the evidence, as a prerequisite to plaintiff's recovery that there was an agreement between the parties that defendant should hold the ring in question as security for the payment to him by plaintiff of the sum named, was not erroneous, as assuming that the debt of plaintiff to defendant was the sum named.

2. **EVIDENCE. Expert Witnesses: Valuing Diamond Ring From Description: Wrongfully Withheld: Competency.** In an action in trover to recover the value of a diamond ring pledged by plaintiff to defendant, where defendant by his wrongful act in withholding the jewel placed it out of the power of the plaintiff to produce it and to show its real quality and value, the law will resolve all doubts as to the value of the diamond against the defendant and in favor of plaintiff, and will supply the sufficiency of proof by assuming that the jewel was of the best quality and highest value, and the testimony of an expert as to its value based on its description was competent.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Frank Landwehr,* Judge.

AFFIRMED.

*Holland, Rutledge & Lashly* for appellant.

(1)   The court erred in giving, at plaintiff's instance, instruction No. 1.   (1)   Because it assumes certain material matters instead of requiring a finding thereof by the jury and it is reversible error for a court in an instruction to assume the existence of controverted matters.   Reel v. Consolidated Inv. Co., 236 S. W. 43, l. c. 46; Glaser v. Rothschild, 221 Mo. 180; LaFever v. Pryor, 190 S. W. 644; Wease v. Fayette, 187 Mo. App. 716; Lukamiski v. American Steel Co., 162 Mo. App. 631; Ganey v. K. C., 259 Mo. 654; Linn v. Massillon Bridge Co., 78 Mo. App. 111; Moon v. Transit Co., 247 Mo. 227; Clark v. Railroad, 242 Mo. 570; Van Zandt v. Grocer Co., 196 Mo. App. 640.   (2)   Because said instruction authorized a finding by the jury of a higher market value for the stone than there was any evidence to support.   Pledge v. Griffith, 199 Mo. App. 303, l. c. 316; Emerson v. Brantingham, 186 S. W. 1181, l. c. 1184; Van Zandt v. Grocer Co., 196 Mo. App. 640. (a) And because under such circumstances the court erred in fixing a sum by said instruction as the limit of the value of the ring and led the jury to believe that the court would approve a verdict based on that sum.   Kinney v. Mt. Ry. Co., 261 Mo. 97, 115; Lessenden v. Railroad Co., 238 Mo. 265; Applegate v. Railroad Co., 252 Mo. 202.   (3)   Because said instruction directs a finding for plaintiff and specifically calls attention to plaintiff's evidence and ignores issues of defense and it is reversible error. for a court to specifically call attention to plaintiff's evidence in an instruction and to exclude from the jury's consideration in effect defendant's evidence and direct a finding for plaintiff without embracing all legal defenses.   Linn v. Massillon Bridge Co., 78 Mo. App. 111; Van Zandt v. Grocer Co., 196 Mo. App. 640.   (2)   The court erred in admitting in evidence the testimony of the witness Hutcheson over objection of defendant, relative to the value of the diamond.   (1)   Because in attempt-

ing to formulate hypothetical questions or parts thereof, facts were assumed therein which there was no evidence to support and the witness was not limited to the evidence as a premise for his conclusion. Russ v. Wabash, 112 Mo. 45. (2) Because the witness indulged in presumptions and assumptions unwarranted by the evidence and based his answers on such presumptions and assumptions. Russ v. Wabash, 112 Mo. 45. (3) The court erred in refusing to set aside the verdict on the ground that the same was excessive as there is absolutely no evidence in the record to support the amount thereof.

*Frank H. Haskins* for respondent.

(1) Plaintiff's instruction No. 1 does not assume any issuable fact because it expressly requires the jury to find from the evidence that such fact existed and where the jury is required to find this from the evidence the instruction cannot be criticized as assuming the fact. Warnke v. Rope Co., 186 Mo. App. 30; Ludwig v. Cooperage Co., 156 Mo. App. 129; Henderson v. Herman, 198 Mo. App. 423; Johnson v. Traction Co., 76 Mo. App. 174; Lijegren v. United Rys. Co., 227 S. W. 925; Stumpf v. United Ry. Co., 227 S. W. 852. (2) There was evidence that the stone was worth more than the maximum amount the jury were permitted by the instruction to find and it is not error in an instruction to limit the finding of the jury to the amount alleged in the petition which was done in this case. On the contrary there are cases which have been reversed because the instruction did not limit the finding of the jury to the amount alleged in the petition. Haake v. Milling Co., 168 Mo. App. 177; Walters v. United Ry., 165 Mo. App. 628; Scott v. Rogers, 31 N. Y. 676. (3) The testimony of Hutcheson was competent because the evidence showed that defendant not only was guilty of conversion but that he had wrongfully disposed of the stone and put it out of the power of the owner to produce the stone and show its real quality and value. Under such conditions

the law presumes and the jury may assume it was a stone of the best quality and highest value. Little Pittsburgh Con. Mining Co. v. Little Chief Con. Mining Co., 11 Colo. 223, 230; Armory v. Delamirie, 1 Strange, 505; Hart v. Ten Eyck, 2 Johns Ch. 108; Clark v. Miller, 4 Wend. 628; Bailey v. Shaw, 24 N. H. 297; Preston v. Leighton, 6 Md. 88.

BRUERE, C.—This is an action in trover to recover the sum of four hundred dollars, alleged in the petition to be the value of a diamond ring which was converted by defendant.

The suit was begun in a justice court and appealed to the circuit court, city of St. Louis, where it was tried before the court and a jury, resulting in a verdict and judgment of three hundred dollars for plaintiff from which defendant appeals.

The testimony on the part of the plaintiff (respondent here) tended to show that on or about September 15, 1915, she delivered to the defendant her diamond ring, under an agreement that defendant should hold same as security for the payment to him by her of the sum of sixty dollars and that no time was specified for the redemption of the ring.

At the trial defendant admitted that in February, 1917, a tender of sixty dollars plus seven dollars, accrued interest thereon, was made to him by plaintiff, together with a demand for the return of the ring and that said demand was refused.

The testimony on the part of the defendant (appellant here) was to the effect that the plaintiff deposited the ring in question with him upon the agreement that he should hold same for the period of ninety days, as security for the payment to him by plaintiff of the sum of one hundred and twenty dollars, and that if the ring was not redeemed within said period he should keep same in payment of said sum.

Defendant's version of the conditions under which he held the pledge was not established by any other

evidence; plaintiff's account thereof was fully corroborated by several witnesses as well as by written evidence.

The cause was submitted to the jury upon two instructions; one being hypothesized on the testimony given by the defendant and the other on the testimony given by the plaintiff.

The instruction given on the part of the plaintiff reads:

"The court instructs the jury that if you believe from the evidence that on or about September 15, 1915, in the City of St. Louis, plaintiff delivered to defendant a diamond ring, the property of plaintiff, under an agreement that defendant should hold same as security for the payment to him by plaintiff of the sum of sixty dollars, and that no time was specified for the redemption of the ring, and if you further believe from the evidence that on or about February —, 1917, in the City of St. Louis, plaintiff tendered to defendant the sum of $67 and demanded the return of said ring and that defendant re-. fused to return said ring, then your verdict will be in favor of plaintiff and against defendant, and you will assess her damages in a sum equal to the reasonable market value of said ring in the City of St. Louis at the time of said tender (said value not to exceed the sum of $400) and from this sum, if you find for plaintiff, you shall deduct the sum of $67, so that your verdict shall in no event exceed $333."

The defendant urges here three assignments of error, they are:

(1) Error in giving the instruction hereinbefore set out.

(2) Error in admitting in evidence the testimony of the witness Hutcheson, over defendant's objections, relative to the value of the diamond in question.

(3) That the verdict is excessive.

Considering the first assignment of error, the first ground of attack upon the instruction is that it assumes an issuable fact in saying: "Under an agreement that

defendant should hold same as security for the payment to him by plaintiff of the sum of sixty dollars;'' in that it assumes that the debt of the plaintiff to defendant was sixty dollars.

We see no merit in this contention. The instruction expressly requires the jury to find, from the evidence, as a prerequisite to plaintiff's recovery, that there was an agreement between the parties that defendant should hold the ring in question as security for the payment to him by plaintiff of the sum of sixty dollars. [Warnke v. Rope Co., 186 Mo. App. 45, 171 S. W. 643; Johnson v. Traction Co., 176 Mo. App. 188, 161 S. W. 1193; Liljegren v. United Rys. Co., 227 S. W. 928; Stumpf v. United Rys. Co., 227 S. W. 854.]

Defendant's second ground of attack upon the instruction is that said instruction authorized a finding by the jury of a higher market value for the stone than there was any evidence to support.

This contention is based on the presumption that the testimony of the witness Hutcheson, given at the trial, should have been excluded by the court.

Plaintiff introduced evidence to the effect that the ring in question was a commercial white diamond and weighed between a carat and three-sixteenths and a carat and a quarter. Thereafter witness Hutcheson, a diamond expert, was asked to give the value of the diamond from that description. He inquired as to the cut of the stone and was told by plaintiff's counsel that he could not describe the cut. Witness then stated that he would take it for granted then that it was not an old mine cut but an American cut. This was objected to by counsel for defendant but the court instructed the witness to take into consideration the American cut in giving his testimony. Witness then testified that such an American cut stone was worth three hundred dollars a carat and that a diamond weighing a carat and three-sixteenths was worth four hundred dollars. There was no evidence as to the value of an old mine cut stone of the description given.

We think the testimony of the witness Hutcheson was proper under the facts in this case.

The defendant by his wrongful act, in withholding the jewel, placed it out of the power of the plaintiff to produce it and to show its real quality and value as fully as defendant insists she should have done. Under such conditions the law will resolve all doubts as to the value of the diamond against the defendant and in favor of the plaintiff and will supply the deficiency of proof by presuming that the jewel was of the best quality and highest value. [Armory v. Delamirie, 1 Strange, 505; Tea v. Gates, 10 Ind. 164; Preston v. Leighton, 6 Md. 88; Bailey v. Shaw, 24 N. H. 297, l. c. 301; Hart v. Ten Eyck, 2 Johns. Ch. 108; Little Pittsburgh Con. Mining Co. v. Little Chief Con. Minning Co., 11 Colo. 223, l. c. 230.]

In the case of Armory v. Delamirie, supra, the plaintiff delivered to the defendant a locket of gold to assay. The defendant, under the pretense of weighing it, took out the stones and delivered him back the locket without the stones. In an action to recover damages for the conversion, experts were examined to prove what a jewel of the finest water that would fit the locket would be worth; and it was held that unless the defendant did produce the jewel, and show it not to be of the finest water, the jury should presume the strongest against him and make the value of the best jewels the measure of their damages.

So in the case at bar the plaintiff is in no condition to complain because the witness Hutcheson, in fixing the value of the diamond, presumed that it was an American cut stone.

In view of our holding that Hutcheson's testimony was competent, it follows that defendant's other assignments of error are without merit.

The judgment of the circuit court should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.